[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

----------------------------------------------

No. 98-2519

----------------------------------------------

D. C. Docket No. 97-334-CR-T-25C

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
06/03/99
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SALVATORE PISTONE,

Defendant-Appellant.

----------------------------------------------------------------

Appeal from the United States District Court
for the Middle District of Florida

----------------------------------------------------------------

**(June 3, 1999)**

Before EDMONDSON and BLACK, Circuit Judges, and PAUL*, Senior District Judge.

_____

\*      Honorable Maurice M. Paul, Senior U.S. District Judge for the Northern District of
Florida, sitting by designation.

PER CURIAM:

## I. INTRODUCTION

This is an appeal from a jury verdict on a one-count indictment charging Defendant Pistone, and two co-defendants, Sean Michael Kirlew and Nicholas Andrew King, with violating 18 U.S.C. § 1951 by combining, conspiring, confederating and agreeing to rob an armored car by means of actual and threatened force, violence, and fear of injury to the armored car guards. His co-defendants entered guilty pleas, received 5K1.1 certificates, and each was sentenced to thirty (30) months imprisonment and three years of supervised release. The district judge denied Pistone's motion for a new trial, his two motions for judgment of acquittal notwithstanding the verdict, and his renewed motion for judgment of acquittal, and then sentenced Pistone within the guidelines to 112 months imprisonment and three years of supervised release. Pistone appeals the denial of his motions and the district judge's increase of his offense level by two levels, under U.S.S.G. § 2B3,1(b)(1), because the object of the offense was to take the property of a financial institution.

## II.  ISSUES ON APPEAL

(1)    Whether, as a matter of law, the government is required to allege and prove an overt act in a prosecution for conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951?

(2)    Whether the district court erred in denying Defendant's motions for new trial and for judgment of acquittal?

(3)    Whether the district court erred in finding that an object of the conspiracy of conviction was to take the property of a financial institution, and in increasing his offense level from 22 to 24, under U.S.S.G. §2B3.1(b)(1), based on that finding?

## III.  STANDARDS OF REVIEW

(1)    Issue One: The interpretation of a statute is a question of law subject to *de novo* review.

(2)    Issue Two: The district court's denial of a motion for new trial is reviewed for an *abuse of discretion*.  *See* United States v. Cox, 995 F.2d 1041, 1043 (11th Cir. 1993).  Denials of motions for judgment of acquittal, before and after entry of a verdict, are reviewed *de novo*, and to uphold the denial thereof, this Court need only determine that a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt.  *See* United States v. Keller, 916 F.2d 628, 632 (11th Cir. 1990).

(3)    Issue Three: The district judge's factual findings are reviewed under the *clearly erroneous* standard, while its interpretation of the Sentencing Guidelines is reviewed *de novo*. *See* United States v. Gonzalez, 2 F.3d 369 (11th Cir. 1983).

3

IV.  FACTS

Pistone worked at All-American Auto ("AA Auto") in Tampa, Florida as an automobile salesperson.  Sometime before July 25, 1997, a new employee, Clifford Kelly began working at AA Auto.[1]  Kelly reported to FDLE Agent Pope that Pistone had been talking about organizing an armored car robbery with the co-defendants Sean Kirlew and Kirlew's half-brother, Nicholas King.  Kirlew and King had attempted to rob an armored car in May of 1996.  Upon learning of the plans, agent Pope instructed Kelly to begin tape recording his conversations with Pistone regarding the robbery plan.  All but one of the conversations regarding the armed robbery conspiracy were recorded, transcribed, and introduced at trial.  The evidence at trial consisted of five live witnesses (the two co-defendants, the confidential informant Kelly, agent Pope, and a representative of Loomis Fargo) and the recorded conversations.  No overt act was listed in the indictment and none was presented at trial.

The following summary of the facts -- which are supported by the record -- is taken from the government's brief:

---

[1]  Unbeknownst to Pistone, Kelly was working as a confidential informant for the FDLE and the DEA as part of his plea and cooperation agreement in an unrelated narcotics charge in the hopes of obtaining a 5k1.1 certificate.

4

In July 1997, Pistone approached Kirlew and King separately and told them he wanted to rob an armored car; they both testified that Pistone was serious in this regard, and both agreed to participate.

On July 26, King agreed with Pistone and Kelly to rob the guards of an armored car – King was merely to take the money once the robbery was committed and he did not participate in the planning of the actual robbery, the selection of a route to target, or a date for the robbery.

On July 29, Kirlew agreed with Pistone to rob the guards of an armored car and that Pistone would organize the robbery. Kirlew knew that he and King would take the money from the guard and King would drive. Kirlew had worked for Loomis Fargo as an armored car guard in Tampa, and he was familiar with the Loomis routes, including the Sun Trust route.

Pistone, King, and Kirlew agreed that the robbery would have to net at least five to ten million dollars to be worthwhile, and that they would have to use guns. All three of these men were arrested before they carried out their plan.

At the close of the government's case, Pistone moved for a judgment of acquittal arguing that the government was required to allege and prove an overt act in furtherance of the charged conspiracy. This motion, as well as his two motions

for judgment of acquittal notwithstanding the verdict, and a motion for new trial, were all denied.

## V. DISCUSSION

This court has considered and decided against him each of the issues raised by the Appellant, but discusses only the first: whether, as a matter of law, the government is required to allege and prove an overt act in a prosecution for conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951? We have not previously decided this issue.[2] The circuits which have spoken on it are divided. *See* United States v. Tormos-Vega, 959 F.2d 1103, 1115 (1st Cir. 1992); United States v. Maldonado-Rivera, 922 F.2d 934, 983 (2d Cir. 1990); *but see* United States v. Stephens, 964 F.2d 424 (5th Cir. 1992) (including, without elaboration, an overt act among Hobbs Act's elements);United States v. Stodola, 953 F.2d 266, 270 (7th Cir. 1992) (same); United States v. Villarreal, 764 F.2d 1048 (5th Cir. 1985) (same). We follow the First and Second Circuits: no overt act must be alleged and proved.

The government urges that the district court properly concluded that the Hobbs Act conspiracy to obstruct commerce, 18 U.S.C. § 1951, does not require an

---

[2]In United States v. Thomas, 8 F.3d 1552, 1560 n.18 (11th Cir. 1993), this Circuit elected not to address the issue because in that case the government had alleged and proven an overt act and because no argument either way had been advanced regarding such a requirement.

overt act. Appellant on the other hand, argues that it does, because the term "conspires," found under the general crime of conspiracy in 18 U.S.C. § 371, does require proof of an overt act. Over Pistone's objection, the jury was not instructed that they needed to find an overt act had been committed in furtherance of the Hobbs Act conspiracy.

Defendant argues that Congress clearly intended for the 1946 Amendment to 18 U.S.C. § 420a-420e (the Anti-Racketeering Act) to include an overt act as part of the definition of conspiracy, because, in 1948 the statute was amended again and included under the enactment of Title 18, *Crimes and Criminal Procedure*. Under Part I of Title 18, entitled "The Crimes," Pistone notes that the general crime of conspiracy appears at § 371, with an overt act as one of its elements.[3] The amended version of § 1951 replaced the words: "participates in an attempt" and "or acts in concert with another or with others," with: "attempts or conspires so to do." Pistone argues that § 1951 now only contains definitions for robbery and commerce, but not "conspires." For the definition of "conspires" within Title 18, Pistone argues that one would have to turn to the general crime of conspiracy found at § 371, requiring an overt act.

---

[3]Section 371, entitled "Conspiracy to commit offense or to defraud United States" provides for punishment "[i]f two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect that object of the conspiracy . . . ." 18 U.S.C. § 371.

The plain language of § 1951 does not include the requirement of an overt act. Specifically, § 1951 provides:

> [w]hoever in any way or degree obstructs, delays, or affects commerce . . . by robbery . . . or attempts or conspires to so do, . . . shall be fined under this title or imprisoned not more than twenty years.

18 U.S.C. § 1951. And, we will not imply in the Hobbs Act an overt-act requirement which Congress has left out of the statute's language.

Contrary to Defendant's argument, the omission of an overt-act requirement in the Hobbs Act -- in contrast to the inclusion of such a requirement in § 371-- counsels in favor of not imputing such a requirement. The Supreme Court has previously refused to imply an overt-act requirement in a similar context. *See* United States v. Shabani, 513 U.S. 10, 12 (1994) (refusing to imply an overt act requirement into 21 U.S.C. § 846 conspiracies). In Shabani the Court noted that in light of Congress's specific inclusion of an overt-act requirement in the general conspiracy statute, § 371, its silence regarding that requirement in a more specific conspiracy statute means that Congress dispensed with such a requirement. *See* id. at 14. For the same reason, we refuse to imply an overt-act requirement in the language of the Hobbs Act.

VI. CONCLUSION

8

We align ourselves with the First and Second Circuits and now decide that the government is not required to allege and prove an overt act in a prosecution for conspiracy to obstruct commerce in violation of 18 U.S.C. § 1951.

For the reasons stated herein, the judgment is AFFIRMED.