[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 4, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-12451
Non-Argument Calendar

_____

D. C. Docket No. 04-00017-CR-CAR-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL PAUL WEATHERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(January 4, 2006)

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Daniel Paul Weathers appeals his conviction for making a false

statement to the Federal Bureau of Investigation ("FBI"), in violation of 18 U.S.C.

§ 1001. A federal grand jury indicted Weathers for "knowingly and willfully make a materially false statement to the [FBI] knowing the same to be false; that is, the defendant reported to the [FBI] the location of explosive materials in Athens, Georgia, to be used by a group of individuals to bomb the [R. G. Stephens] Federal Building located in Athens, Georgia . . . ." The government introduced evidence, including a letter that Weathers sent to the FBI stating that he knew of a plot to plant explosives in three government buildings in Athens, Georgia,[1] and testimony of three law enforcement officers who were involved in the subsequent investigation of the alleged plot.

At the conclusion of the government's case, Weathers moved for a judgment of acquittal, arguing that the specific charge in the indictment stated that he made a false statement concerning the location of explosive devices in Athens, Georgia, while the government's evidence showed that he gave incorrect information about the location of explosives in Jackson County, Georgia. In denying the motion, the court reasoned that the thrust of the investigation seemed to be preventing explosions at the buildings, and the material false statement related to Athens, Georgia, because that was the potential site of the bombings. The jury found

---

[1] In the letter, Weathers stated that a group that he used to be involved with was going to plant bombs that would explode in three buildings in Athens over the next three days. Weathers also stated that he knew of a location in Jackson County, Georgia, where the group kept a large weapons and explosives cache.

Weathers guilty, and Weathers renewed his motion for judgment of acquittal.

The sole issue on appeal is whether the government failed to prove, during trial, that Weathers falsely stated that explosives were located in Athens, Georgia.

We review de novo the disposition of a defendant's properly preserved motion for judgment of acquittal. United States v. Perez-Tosta, 36 F.3d 1552, 1556 (11th Cir. 1994). We must determine whether "a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999). In so determining, we must "view the facts and draw all reasonable inferences therefrom in the light most favorable to the government." United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001) (internal quotations and citations omitted). "[R]easonable inferences, and not mere speculation, must support the jury's verdict." Perez-Tosta, 36 F.3d at 1557.

Section 1001(a) states in pertinent part:

> Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully: . . . (2) makes any materially false, fictitious, or fraudulent statement or representation; . . . shall be fined under this title or imprisoned not more than 5 years, or both.

18 U.S.C. § 1001(a) (1996). "Proof of five elements is essential to sustain a

conviction under the false statement proscription of § 1001: (1) a statement, (2) falsity, (3) materiality, (4) specific intent, and (5) agency jurisdiction." United States v. Lange, 528 F.2d 1280, 1287 (5th Cir. 1976) (citations omitted). Weathers contends that the government had not proven the second and third elements beyond a reasonable doubt because his statements concerned only the location of explosives in Jackson County, Georgia, not Athens, Georgia, as the indictment charged. We disagree.

In his letter to the FBI and his statements to the FBI agents investigating his claims, Weathers averred that explosions would take place in Athens, Georgia on February 12, 2003, and that agents could find the explosives to be used in Jackson County, Georgia. These statements necessarily concern the location of explosives in Athens because otherwise no explosions could take place. Weathers fabricated the very existence of those explosives, so he knew that his statements concerning bombings in Athens were false. He did not know whether there were going to be either any explosions or explosives in Athens on February 12, 2003. Thus, a reasonable jury could have concluded that Weathers lied about the location of explosives in Athens and that the government had met its burden with respect to all five elements of the § 1001 charge. Weathers's conviction is affirmed.

**AFFIRMED.**

4