[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 4, 2008
THOMAS K. KAHN
CLERK

No. 06-16605
Non-Argument Calendar

_____

D. C. Docket No. 06-20101-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GREGORY FIELDS,
a.k.a. Black,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(January 4, 2008)**

Before CARNES, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Gregory Fields appeals his convictions for conspiracy to possess with intent

to distribute cocaine base, see 21 U.S.C. § 846, and possession with intent to distribute cocaine base, see id. § 841(a)(1). Fields argues that the evidence presented at trial was insufficient to support his convictions. We affirm.

## I. BACKGROUND

Fields and co-defendant, John Denson, were indicted by a grand jury for conspiring to possess with the intent to distribute cocaine base, possession with the intent to distribute 5 grams or more of cocaine base on September 19, 2005, and possession with the intent to distribute 50 grams or more of cocaine base on September 22, 2005. After Denson requested new counsel near the trial date, the charges against Denson were severed. Denson later pleaded guilty.

At the trial of Fields, law enforcement agents testified that on September 19 and 22, 2005, they used a confidential informant to investigate the transportation of narcotics. Each day the law enforcement officers searched the confidential informant to ensure that he was free of money or illegal substances, equipped him with an audio/visual recording device and transmitter, and sent him out to attempt to purchase narcotics. The government presented the video recordings obtained by the confidential informant for both days.

The video from September 19, 2005, showed the confidential informant meet a man identified by a government witness as John Denson. The confidential

2

informant and Denson had a conversation during which Denson stated, "I can get it for you soft . . . and they can cook it for you." The confidential informant then followed Denson to a place where they encountered Fields. Denson and the confidential informant then entered a convenient store, where the confidential informant purchased a shirt and placed it on over the recording device. The remainder of the video was obstructed by the shirt. The government presented testimony from law enforcement officers that the confidential informant returned to the officers and presented them with cocaine base.

The video from September 22, 2005, showed the confidential informant approach Denson in front of the same store where he had purchased the shirt three days earlier. The confidential informant and Denson entered the store and had unspecified discussions. The confidential informant then left the store, returned to the law enforcement agents, and received money to purchase cocaine. The confidential informant returned to Denson and then reentered the store alone. After Denson returned to the store, the video showed the confidential informant exit the store and follow Fields to an adjacent apartment building. The confidential informant and Fields entered the apartment building and remained inside an apartment for approximately one hour. The video showed Denson enter the apartment on two occasions. The video showed Fields take a plastic bag with

white substance from his pocket and place it on a kitchen table. The confidential informant asked "how much" and handed $40 to Fields. Fields poured the white substance out of the bag into a glass, added other substances, and poured the white substance onto newspaper. After about an hour, Fields told the confidential informant, "She's ready man." Fields placed the white substance into a plastic bag and handed it to the confidential informant. The confidential informant exited the building, returned to the law enforcement officers, and presented them with a plastic bag containing over 60 grams of cocaine base.

The jury convicted Fields of all three charges. The district court upheld the charges of conspiracy and possession with intent to distribute cocaine on September 22, 2005, but the district court concluded that the evidence was insufficient to support the charge of possession with intent to distribute on September 19, 2005, and entered a judgment of acquittal for that charge.

## II. STANDARD OF REVIEW

We review the sufficiency of the evidence de novo. United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). We must determine whether "a reasonable fact-finder could conclude that the evidence established the defendant's guilt beyond a reasonable doubt." United States v. Pistone, 177 F.3d 957, 958 (11th Cir. 1999). We view the evidence "in the light most favorable to the government" and

4

draw all reasonable inferences and credibility choices in favor of the government. United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006).

### III. DISCUSSION

Fields argues that the evidence was insufficient to support his convictions. To support a conviction for conspiracy to distribute cocaine base, the government must establish (1) an illegal agreement existed to possess with the intent to distribute cocaine, (2) the defendant knew of the agreement; and (3) the defendant knowingly and voluntarily joined in, or participated, in the agreement. See United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002). "[A] defendant can be convicted even if his or her participation in the scheme is 'slight' by comparison to the actions of other co-conspirators." United States v. Tolor, 144 F.3d 1423, 1428 (11th Cir. 1998). Mere presence at the scene of a crime will not support a conviction for conspiracy to distribute. United States v. Villegas, 911 F.2d 623, 627–28 (11th Cir. 1990). To convict a defendant of possession with intent to distribute cocaine, the government must establish "(1) knowledge, (2) possession, and (3) intent to distribute." See United States v. Gamboa, 166 F.3d 1327, 1331 (11th Cir. 1999).

The government presented evidence sufficient to support Field's convictions for conspiracy to distribute and possession with intent to distribute cocaine base.

Based on the sequence of events shown in the videos and the testimony of the law enforcement officers that the confidential informant returned from his encounter with Fields and Denson on September 22, 2005, with over 50 grams of cocaine base, a reasonable jury could have found that Fields possessed and conspired with Denson to distribute cocaine base.

## IV.  CONCLUSION

Fields's convictions are

**AFFIRMED.**