[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-12448
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 27, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20336-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISAAC CASTILLO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 27, 2008)**

Before ANDERSON, BLACK and HULL, Circuit Judges.

PER CURIAM:

Isaac Castillo appeals his conviction and sentence of 235 months' imprisonment for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1). Castillo raises three issues on appeal: (1) he asserts the evidence presented at trial was insufficient for a reasonable jury to convict him for possession of a firearm; (2) he contends the district court erred by instructing the jury that both parties had the power to subpoena and call witnesses; and (3) he asserts the district court erred by imposing a procedurally and substantively unreasonable sentence. After review, we affirm his conviction and sentence.

I.

Castillo asserts the evidence at trial was insufficient to support a conviction because Castillo was not present when the police seized the firearm and there was no credible evidence that Castillo had actual or constructive possession of the firearm. Castillo also contends the testimony of certain Government witnesses was incredible because the witnesses expected to benefit from their testimony, had prior convictions, or their testimony conflicted with that of another witness.

We review *de novo* the sufficiency of the evidence supporting a criminal conviction. *United States v. Hasson*, 333 F.3d 1264, 1270 (11th Cir. 2003). We must determine whether "a reasonable fact-finder could conclude that the evidence

2

established the defendant's guilt beyond a reasonable doubt." *United States v. Pistone*, 177 F.3d 957, 958 (11th Cir. 1999). In considering the sufficiency of the evidence, we view all of the evidence "in the light most favorable to the verdict, drawing all reasonable inferences and resolving all questions of credibility in favor of the government." *Hasson*, 333 F.3d at 1270. Credibility determinations are for the jury, and we typically will not review such determinations. *United States. v. Copeland*, 20 F.3d 412, 413 (11th Cir. 1994). Where the argument is that the jury based its conviction on inconsistent testimony or incredible government witnesses, the appellant must show the testimony was "incredible as a matter of law." *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997). For testimony to be "incredible as a matter of law," it must be unbelievable on its face, i.e., "testimony as to facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature." *Id.* (quotations and alteration omitted). Moreover, a witness's testimony is not incredible just because he "has consistently lied in the past, engaged in various criminal activities, and thought that his testimony would benefit him." *Id.* (quotations and alteration omitted).

In order to convict a defendant of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), the government must prove beyond a reasonable doubt that (1) the defendant was a convicted felon, (2) the defendant knowingly

3

possessed a firearm, and (3) the firearm was in or affected interstate commerce. *United States v. Deleveaux*, 205 F.3d 1292, 1296-97 (11th Cir. 2000).[1] To establish "knowing possession," the government must prove actual or constructive possession through direct or circumstantial evidence. *United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006). "Constructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control." *Id.* Mere presence near contraband, or awareness of its location, is insufficient to establish possession. *United States v. Gardiner*, 955 F.2d 1492, 1495 (11th Cir. 1992).

Although the evidence from trial does not support that Castillo was actually present when the rifle was discovered in his grandmother's house, the Government presented evidence that Castillo lived in the grandmother's house, and specifically lived in the room in which the rifle was found. Sergeant Robert Perez testified the room from which he seized the rifle was located at the back of the house and contained men's jewelry. Detective Barbara Nelson testified Castillo provided his grandmother's address as his own to Nelson before the rifle was discovered and had referred to the house as his during their conversation after the rifle was

---

[1] Castillo only argues the Government failed to prove the issue of "knowing possession" of the firearm. Castillo stipulated at trial that he was a convicted felon, and he does not dispute the firearm was in interstate commerce.

discovered. Juan Carlos Crespo and Mario Davis both testified Castillo referred to the house as his own when he talked to them about the discovery and seizure of the rifle. Crespo also testified Castillo described his bedroom as being located at the back of his grandmother's house. Castillo's probation officer, Jose Peralta, had visited Castillo at his grandmother's house before the discovery of the rifle, and testified Castillo had lived in the back bedroom and had not notified him of a change in address before the discovery of the rifle, as required before a probationer moves. The only evidence Castillo no longer lived at his grandmother's house came from Castillo's own statements to Peralta after the rifle was discovered. The evidence presented by the Government was sufficient for the jury to have reasonably drawn a conclusion that Castillo was living in his grandmother's house when the rifle was discovered and that the rifle was located in Castillo's bedroom. *See Pistone*, 177 F.3d at 958.

The Government also presented evidence that Castillo had knowing and constructive possession of the rifle. Detective Nelson testified Castillo told her he was storing the rifle for a friend and he was present when his friend delivered the rifle. Crespo also testified Castillo told him the rifle belonged to a friend. Crespo and Davis both testified Castillo told them he had the rifle and had handled it. Davis also testified Castillo described the firearm as a .30-06 rifle and described

the bullets as being the size of a pen. The Government's expert witness, Greene, verified the rifle seized from Castillo's grandmother's house was a .30-06 rifle and the bullets for the rifle were about three and a half inches long with a pointed tip. This is sufficient evidence from which a reasonable jury could infer Castillo actually exercised control over the rifle. *See Greer*, 440 F.3d at 1271. Therefore, the evidence is sufficient to support the jury's finding that Castillo knowingly possessed the rifle. *See id.*

Castillo's assertion that the Government's witnesses provided incredible testimony is unpersuasive. First, a witness's prior convictions and lies and possible benefit from testifying does not make that testimony incredible. *Calderon*, 127 F.3d at 1325. Here, the jury had the opportunity to view first-hand the individuals presenting the evidence and to weigh their credibility. Both parties thoroughly elicited the witnesses' capacity for truthfulness, prior convictions, and status as cooperating witnesses through direct and cross-examination. The district court fully instructed the jury about the credibility of witnesses. The jury, by its verdict, impliedly found the testimony of these witnesses to be credible. Second, even if one witness's testimony contradicts that of another, the jury decides which witness to believe and how much of that witness's testimony to believe. Moreover, in this case, contrary to Castillo's argument on appeal, Detective Nelson's

6

testimony that Castillo was present when the gun was delivered was not in direct contradiction of Peralta's statements, but rather contradicted Castillo's statements to Peralta. Castillo has failed to show the testimony is "incredible as a matter of law," as required by this Court to review the credibility determinations of the jury. *See id.* The record does not show any evidence the testimony was unbelievable on its face or contained facts or events that could not possibly have occurred. *See id.* Therefore, the testimony was sufficient to allow the jury to find Castillo guilty beyond a reasonable doubt.

## II.

Castillo next argues the district court erred when it instructed the jury that both parties have equal subpoena power, because this jury instruction unconstitutionally shifted the burden of proof to the defense.

Although Castillo objected to the jury instruction with the specific grounds of "shifting the burden of proof," he did not object until after the jury retired to deliberate. Where a party makes no specific objection to the jury charge at trial before the jury retires to deliberate, we review the claim for plain error. *United States v. Eckhardt*, 466 F.3d 938, 948 (11th Cir. 2006), *cert. denied*, 127 S. Ct. 1305 (2007). Plain error is found only where the defendant demonstrates: (1) there is an error; (2) the error is plain; (3) the error affects the defendant's substantial

rights; and (4) the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Olano*, 113 S. Ct. 1770, 1777-78 (1993).

"[I]t is not improper for a prosecutor to note that the defendant has the same subpoena powers as the government." *United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998). In *Hernandez*, we rejected the defendant's burden-shifting argument, noting any potential prejudice caused by the prosecutor's statement about subpoena powers was diminished by the trial court's explicit jury instruction that the prosecution had the burden of proof. *Id.*

Although the district court instructed the jury that both parties could call witnesses at trial, the district court's instructions also made clear the burden of proof rested only with the Government. By instructing the jury of the Government's burden of proof, the district court removed any possible prejudicial effect of its jury instruction regarding Castillo's subpoena powers and thus did not shift the burden to the defense. *See Hernandez*, 145 F.3d at 1439. Therefore, the court did not plainly err.

## III.

Castillo contends the district court imposed a procedurally and substantively unreasonable sentence. Castillo asserts that, based on the facts shown, the sentence

of 235 months' imprisonment is "unreasonably harsh" and "far in excess of what was necessary in order to meet the statutory goals for sentencing."

We review the final sentence imposed by the district court for reasonableness. *United States v. Booker*, 125 S. Ct. 738, 767 (2005). Reasonableness review is akin to an abuse-of-discretion standard. *Gall v. United States*, 128 S. Ct. 586, 594 (2007). A sentence must be both procedurally and substantively reasonable. *Id.* at 597. A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Sentencing Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Id.* After reviewing the procedural reasonableness of a sentence, we then review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Id.* The review for substantive reasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence in question. *Id.* at 597-600.

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal

conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. *See* 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. *See* 18 U.S.C. § 3553(a)(1), (3)-(7).

Although this Court does not apply a presumption of reasonableness to a sentence that is within the properly calculated Guidelines range, *see United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we ordinarily expect a sentence within the Guidelines range to be reasonable, *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). The party challenging the sentencet has the burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors. *Id.*

The district court imposed a procedurally reasonable sentence. The district court correctly calculated Castillo's Guidelines range, and heard the arguments of Castillo's counsel and Castillo himself. The court acknowledged it had considered these statements, the PSI, the advisory Guidelines, and the § 3553(a) factors. In

10

explaining its sentencing decision, the court specifically addressed the § 3553(a) factors of the nature and circumstances of the offense, the history and circumstances of the defendant, and the need for the sentence imposed, especially to promote respect for the law and provide just punishment.

The district court also imposed a substantively reasonable sentence, as the sentence was supported by the § 3553(a) factors. In explaining its sentencing decision, the district court expressly discussed Castillo's failure to accept responsibility for his actions, his extensive criminal history, and his refusal to abide by the law, as indicated by his previous convictions related to firearms and his commission of the instant offense while on probation for another offense. Therefore, the court found it appropriate to impose a sentence within the Guidelines range. In imposing the sentence, the district court relied on the § 3553(a)(2) purposes of deterrence, promoting respect for the law, and providing just punishment. Given that Castillo's sentence was within the Guidelines range, he had prior convictions, he denied any responsibility for his actions, and the district court was influenced by the § 3553(a) factors, the sentence is substantively reasonable.

IV.

The evidence was sufficient to establish Castillo's guilt of possession of a firearm by a convicted felon.  Additionally, the district court committed no plain error in giving a jury instruction regarding the subpoena power of each party.  Lastly, Castillo's sentence was reasonable.  Accordingly, we affirm Castillo's conviction and sentence.

**AFFIRMED.**