[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14540
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 23, 2010
JOHN LEY
CLERK

D.C. Docket No. 07-22937-CV-EGT

MYSTIQUE, INC.,

Plaintiff-Counter-Defendant-
Appellee,

versus

138 INTERNATIONAL, INC.,

Defendant-Counter-Claimant-
Appellant,

BANCO POPULAR NORTH AMERICA,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 23, 2010)

Before CARNES, MARCUS and COX, Circuit Judges.

PER CURIAM:

Mystique, Inc. sued 138 International, Inc. ("138 International") for trademark infringement and related torts. Mystique, Inc. sought cancellation of the Mystique trademark registered to 138 International, alleging that Mystique, Inc. had been using the mark in commerce prior to 138 International's use and registration. 138 International defended the lawsuit on the basis of laches and alleged in a counterclaim that Mystique, Inc. was the infringer. The parties consented to resolution of the case by a magistrate judge and filed cross-motions for summary judgment. The magistrate judge granted Mystique, Inc. partial summary judgment, finding that Mystique, Inc. used the Mystique mark in commerce before 138 International registered and used it; that 138 International infringed Mystique, Inc.'s mark; and that the Mystique trademark 138 International had registered must be cancelled. The magistrate judge denied 138 International's motion for summary judgment. Thereafter, the magistrate judge held a trial on the issue of damages. After trial, the court awarded Mystique, Inc. $2,950,000.

138 International appeals. It argues that the district court erred in granting Mystique, Inc. partial summary judgment because there were genuine issues of fact to be resolved regarding whether 138 International used the Mystique mark before Mystique, Inc. did so. It argues that Mystique, Inc. should be barred from recovery

by laches. And, it argues that Mystique, Inc. is not entitled to damages, as a matter of law, because Mystique, Inc. did not register the Mystique mark.

This court reviews a district court's grant of summary judgment by applying the same legal standards used by the district court. *See, e.g., Hilburn v. Murata Elecs. N. Am., Inc.*, 181 F.3d 1220, 1225 (11th Cir. 1999). Summary judgment is appropriate where "'there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.'" *Wooden v. Bd. of Regents of the Univ. Sys. of Ga.*, 247 F.3d 1262, 1271 (11th Cir. 2001) (quoting Fed. R. Civ. P. 56(c)). We review the trial court's application of the laches defense for abuse of discretion. *See Sanders v. Dooly County*, 245 F.3d 1289, 1291 (11th Cir. 2001). In considering 138 International's challenge to the damages award, we consider de novo the question of the availability of damages under the Lanham Act.[1] *See United States v. Pistone*, 177 F.3d 957, 958 (11th Cir. 1999) ("The interpretation of a statute is a question of law subject to de novo review.")

We affirm, finding no reversible error. On the record considered by the magistrate judge, there is no genuine issue of material fact as to whether 138 International used the Mystique mark before Mystique, Inc. Even if all the evidence

---

[1] 138 International challenges the legal availability of an award of damages, not the amount of the damage award.

138 International cites in its briefs is credited, that evidence is insufficient as a matter of law to establish 138 International's use of the mark in commerce prior to Mystique's use because it is only evidence of 138 International's communications with its suppliers. "[N]ot every transport of a good is sufficient to establish ownership rights in a mark. To warrant protection, use of a mark 'need not have gained wide public recognition,' but '[s]ecret, undisclosed internal shipments are generally inadequate.'" *Planetary Motion, Inc. v. Techplosion, Inc.*, 261 F.3d 1188, 1196 (11th Cir. 2001) (quoting *Blue Bell, Inc. v. Farah Mfg. Co.*, 508 F.2d 1260, 1265 (5th Cir. 1975)). "Trademark claims based upon shipments from a producer's plant to its sales office, and vice versa, have often been disallowed." *Blue Bell*, 508 F.2d at 1265.[2]

And, the court did not err in denying 138 International's motion for summary judgment on the equitable ground of laches. 138 International did not carry its burden of proof; it did not prove when Mystique knew or should have known of the infringement of its mark. Failure to prove that fact is fatal to the laches defense. *See Kason Indus., Inc. v. Component Hardware Group, Inc.*, 120 F.3d 1199, 1206 (11th Cir. 1997).

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions handed down by the former Fifth Circuit prior to October 1, 1981.

Finally, the court did not err in awarding damages to Mystique, Inc. Damages may be awarded where, as here, the violation is one of section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125(a). Registration of the mark is not required. *See* 15 U.S.C. § 1117(a) ("When a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) or (d) of this title, or a willful violation under section 1125(c) of this title, shall have been established in any civil action arising under this chapter, the plaintiff shall be entitled, subject to the provisions of sections 1111 and 1114 of this title, and subject to the principles of equity, to recover (1) defendant's profits, (2) any damages sustained by the plaintiff, and (3) the costs of the action.").

AFFIRMED.