[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 12, 2011
JOHN LEY
CLERK

No. 10-15193
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-00421-CAP-AJB-3

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICARDO GODFREY PINDER, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 12, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Ricardo Pinder, Jr., was convicted by a jury for conspiracy to commit a

Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a). He contends on appeal

that the district court erred in denying his motion for judgment of acquittal pursuant to Federal Rule Criminal Procedure 29 because: (1) the government presented no evidence that the conspiracy to commit a robbery of a private individual affected interstate commerce; and (2) there was insufficient evidence of an agreement or meeting of the minds by Pinder and his alleged co-conspirators to carry out a robbery, as opposed to a burglary.

At trial, a law enforcement officer testified that he responded to a call regarding a suspicious vehicle parked outside of a town-home, and observed Pinder and three other individuals inside the vehicle. They were arrested for loitering when the explanations they gave for their presence there did not appear to be valid. A search of the vehicle discovered, among other things, bandanas shaped like masks, a loaded assault-rifle in the trunk and a semi-automatic pistol in the back seat, both of which were stolen. A subsequent search pursuant to a warrant disclosed duct tape, electrical tape, a two-way radio, and zip ties in the car. Interviews with Pinder and the others revealed that they purchased these items as a part of a plan to steal money, cocaine, and marijuana from a drug dealer who lived in the town-home. Two of the other co-conspirators testified against Pinder at his trial as cooperating witnesses, both stating that the plan morphed

from a plan to commit a robbery to a plan to commit a burglary by waiting until the victim left the house, in the event he was armed.

Pinder was charged in a six-count indictment. In addition to the Hobbs Act conspiracy, he was also convicted for using and carrying firearms in relation to the conspiracy and possession of a stolen firearm. He was acquitted on three other counts relating to the theft of firearms.

We review *de novo* the denial of a motion for judgment of acquittal, and construe the evidence in the light most favorable to the verdict. *United States v. Thompson*, 473 F.3d 1137, 1142 (11th Cir. 2006).

## I.

Pinder first argues that the government failed to establish the necessary impact on interstate commerce to support a conviction for a violation of the Hobbs Act because the evidence only supports a robbery against an individual rather than a business.

Upon review of the record, we find that the evidence was sufficient to establish a conspiracy that had the potential to affect interstate commerce. "Because the Hobbs Act, by its own terms, encompasses the inchoate offenses of attempt and conspiracy, the interstate nexus required to prove a Hobbs Act conspiracy may be established upon evidence that *had* the conspiratorial objective

been accomplished, interstate commerce *would have been* affected." *United States v. Orisnord*, 483 F.3d 1169, 1177 (11th Cir. 2007). Thus, when a defendant is charged with conspiracy to violate the Hobbs Act, "the interstate nexus may be demonstrated by evidence of potential impact on interstate commerce or by evidence of actual, de minimus impact." *United States v. Lee*, 256 F.3d 1229, 1232 (11th Cir. 2001) (emphasis omitted) (internal quotation marks omitted). We have also stated that a Hobbs Act conspiracy aimed at obstructing drug trafficking establishes a sufficient interstate nexus, even where the intended victims and drugs are fictitious. *See United States v. Taylor*, 480 F.3d 1025, 1027 (11th Cir. 2007).

Here, two of Pinder's co-conspirators testified at his trial that they collaborated with one another in an effort to steal money and drugs from a drug dealer. A conspiracy that has an objective to steal drugs and money from a drug dealer has a "potential" impact on interstate commerce, and therefore, there is a sufficient interstate nexus to support Pinder's conviction as to the Hobbs Act conspiracy.

## II.

Pinder next argues that the government failed to establish the existence of an agreement to commit armed robbery, sufficient to support a conspiracy.

To prove a Hobbs Act conspiracy, "the government must prove that: (1) two or more persons agreed to commit a robbery or extortion encompassed within the Hobbs Act; (2) the defendant knew of the conspiratorial goal; and (3) the defendant voluntarily participated in helping to accomplish the goal." *United States v. Diaz*, 248 F.3d 1065, 1084 (11th Cir. 2001). Although the government need not prove an overt act to sustain a conviction under the Hobbs Act, *United States v. Pistone*, 177 F.3d 957, 960 (11th Cir. 1999) (per curiam), overt acts committed by conspirators in furtherance of the conspiracy constitute circumstantial evidence of the existence of an agreement. *United States v. Arias-Izquirdo*, 449 F.3d 1168, 1182 (11th Cir. 2006).

Here, the jury heard evidence that Pinder and his co-conspirators initially planned to enter the victim's home, tie him up at gunpoint with zip ties, and then ransack his home. The conspirators committed overt acts in furtherance of this plan when they bought masks, gloves, zip ties, two-way radios, and duct tape; retrieved firearms; and drove together to the victim's home. These acts provide sufficient circumstantial evidence to establish an agreement between the conspirators to commit an armed robbery. Although the conspirators may have subsequently agreed to commit burglary instead of robbery, the violation of § 1951(a) was complete upon the initial agreement to commit an armed robbery.

5

III.

In reviewing the sufficiency of the evidence, "the issue is not whether a jury reasonably could have acquitted but whether it reasonably could have found guilt beyond a reasonable doubt." *Thompson*, 473 F.3d at 1142. We find that the evidence was sufficient to prove that the conspiracy to commit a Hobbs Act robbery had the potential to affect interstate commerce. We also find that the evidence was sufficient to demonstrate that the conspirators agreed to commit an armed robbery because they collaborated with one another to obtain the necessary equipment and firearms to conduct an armed robbery and discussed the details to accomplish that objective with one another. Accordingly, Pinder's convictions are affirmed.

**AFFIRMED.**