[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10512
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 7, 2011
JOHN LEY
CLERK

D.C. Docket No. 5:08-cr-00073-HL-CWH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MERKURI STANBACK,
a.k.a. Soul,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(December 7, 2011)

Before EDMONDSON, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Merkuri Stanback appeals his convictions and sentences for three crimes: armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d); brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i) and (ii); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(l) and 924(a)(2). Stanback raises five arguments on appeal. We address each in turn.

## I.

Stanback first seeks reversal of the district court's denial of his Rule 29 motion for a directed verdict, based on his argument that there was insufficient evidence to convict him of any of the charged counts. See Fed. R. Crim. P. 29. Stanback contends that the conflicting testimony of his two co-defendants, Frederick Clay and Carmilla Davis, weighed in his favor because Davis's testimony that Stanback participated in the bank robbery was not credible, while Clay's contradictory testimony was.[1] Stanback further disputes the sufficiency of evidence regarding the location of his arrest and the government's DNA analysis.[2]

---

[1] Specifically, Stanback argues that Davis was effectively impeached due to her inconsistent statements, as well as the fact that she had cooperated with the government in order to reduce her sentence.

[2] Stanback claims that the DNA found on the masks allegedly used in the robbery proved that he "could not have participated in the robbery." He bases this argument on the DNA expert's testimony that it was "hypothetically" possible that another individual was a match for

2

We review the "sufficiency of evidence to support a conviction <u>de novo</u>, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." <u>United States v. Taylor</u>, 480 F.3d 1025, 1026 (11th Cir. 2007). Our review does not change "regardless of whether the evidence is direct or circumstantial . . . ." <u>United States v. Mieres-Borges</u>, 919 F.2d 652, 656-57 (11th Cir. 1990). Further, we ordinarily will not review a factfinder's credibility determination. <u>United States v. Copeland</u>, 20 F.3d 412, 413 (11th Cir. 1994). In fact, testimony is incredible as a matter of law only when it is "unbelievable on its face"—that is, it offers "facts that [the witness] physically could not have possibly observed or events that could not have occurred under the laws of nature." <u>United States v. Rivera</u>, 775 F.2d 1559, 1561 (11th Cir. 1985) (quotation marks omitted).

The testimony against Stanback is not incredible as a matter of law. Davis's detailed testimony of Stanback's participation in the armed bank robbery, including his brandishing of a firearm during that incident, was corroborated by multiple witnesses and exhibits. The testimony of these witnesses also supports the conviction for felony possession, when combined with the parties' stipulations

one of the masks. We are mindful that the expert also testified that Stanback's DNA was found on the other mask used in the robbery.

3

that Stanback was a convicted felon at the time of the robbery and that the pertinent firearms were involved in interstate commerce. The other evidence Stanback impugns—the location of his arrest and the testimony of a DNA expert—only supports the jury's conclusion that he was guilty of these offenses. We conclude that the evidence supporting Stanback's convictions was sufficient and, consequently, the district court did not err in denying his motion for a judgment of acquittal.

## II.

Second, Stanback argues that the court erred in admitting into evidence his ID card from the Georgia Department of Corrections, because it showed he was a convicted felon. Stanback asserts that his identity and place of residence were never disputed, rendering the ID card superfluous. Evidence showed that after the bank robbery, Stanback and his co-defendants fled to his sister's house. During the subsequent investigation, the FBI searched that residence and recovered several items from the robbery in a back bedroom, including a large sum of dye-stained money, firearms, a stun gun, and ski masks. Agents also discovered in the bedroom a metal storage box containing dye-stained money and Stanback's corrections ID card.

Stanback claims that the district court should have excluded the ID card under Fed. R. Evid. 403, since the danger of unfair prejudice substantially outweighed the ID card's probative value.  He also argues for the first time that the ID card was "used to reinforce the fact that [he] was a convicted felon" and was, therefore, inadmissible character evidence under Fed. R. Evid. 404(b).[3]

All relevant evidence is admissible unless the Federal Rules of Evidence provide otherwise.  Fed. R. Evid. 401, 402.  Rule 403 allows the trial judge to exclude relevant evidence when the danger of unfair prejudice substantially outweighs its probative value.  Fed. R. Evid. 403; see also United States v. Edouard, 485 F.3d 1324, 1344 (11th Cir. 2007).  Under Rule 403, district courts have broad discretion to admit probative evidence, but limited discretion to exclude it.  United States v. Terzado-Madruga, 897 F.2d 1099, 1117 (11th Cir. 1990).

Under Federal Rule of Evidence 404(b), "[e]vidence of other crimes, wrongs, or other acts is not admissible to prove the character of a person in order to show action in conformity therewith."  Fed. R. Evid. 404(b)(1).  However,

---

[3] We review a district court's evidentiary rulings for abuse of discretion.  United States v. Perez-Oliveros, 479 F.3d 779, 783 (11th Cir. 2007).  Objections or arguments not raised in the district court, such as Stanback's 404(b) argument, are reviewed for plain error.  See e.g., United States v. Evans, 478 F.3d 1332, 1338 (11th Cir. 2007).

evidence of other criminal activity falls entirely outside Rule 404(b)'s ambit if it is "*not* extrinsic." Edouard, 485 F.3d at 1344 (quotations marks omitted). Evidence is "*not* extrinsic" when it is of "(1) an uncharged offense that arose out of the same transaction or series of transactions as the charged offense (2) necessary to complete the story of the crime or (3) inextricably intertwined with the evidence regarding the charged offense." Id. (quoting United States v. Baker, 432 F.3d 1189, 1205 n.9 (11th Cir. 2005)).

The district court did not err under Rule 403 or Rule 404(b). The ID card was recovered in a metal storage box that also contained dye-stained money. Even though dye-stained money had already been found in the house where Stanback was staying, its proximity to the ID card directly linked Stanback—as opposed to others in the house—to money from the robbery. Thus, admitting the ID card into evidence "complete[d] the story of the crime" by placing Stanback in the room with the evidence. Id. We also accept that the ID card was "inextricably intertwined"—indeed, it was locked in a metal box—"with the evidence regarding the charged offense." Id. These specific facts place the Department of Corrections ID card outside Rule 404(b)'s scope.

In an event, Stanback has not shown how admission of the ID card (which did not specify any crime for which he had previously been convicted) had an

6

unfairly prejudicial impact on his right to a fair trial. He had already stipulated that he was a convicted felon. We have no basis to conclude that a jury would accord greater weight to the card showing that Stanback had been incarcerated than to the fact of his felony conviction. We therefore conclude that the district court committed neither an abuse of discretion, nor plain error, in admitting the ID card.

III.

Stanback next argues that the district court erred by submitting to the jury a verdict form that, in addition to asking whether Stanback was guilty or not guilty of 18 U.S.C. § 924(c), allowed the jury to make an independent finding as to whether Stanback "carried, possessed, or brandished" a firearm. Stanback asserts that the form's repeated use of the terms "firearm" and "defendant" unduly influenced the jury to find him guilty.

We apply a deferential standard of review to special interrogatory verdict forms, asking only whether the form was sufficient so that the jurors understood the issues and were not misled. McNely v. Ocala Star-Banner, 99 F.3d 1068, 1072 (11th Cir. 1996). We confirm, through de novo review, that the verdict form accurately reflects the law; but we give the trial judge wide discretion as to the style and wording employed. Id.

7

Stanback objects only to the wording of the verdict form.  He correctly claims that the jury could have found him guilty, regardless of whether it specified that he carried,  brandished, or possessed a firearm.   Nevertheless, we conclude that the form was not unfairly prejudicial.  The verdict form was neither confusing nor misleading.  Indeed, the wording of the verdict form essentially tracked the statute upon which the minimum mandatory sentence for the offense depended.[4] The district judge is certainly entitled to use interrogatories to the jury to aid him in his sentencing decision, particularly in light of the discretion we afford district judges in this area.  For these reasons, we find no reversible error.

IV.

Stanback also argues that the district court erred in assessing a two-level aggravating role enhancement pursuant to U.S.S.G. § 3B1.1(c).[5]  We review the sentencing court's interpretation of the sentencing guidelines de novo, and the

---

[4] The statute provides that "any person who, during and in relation to any crime of violence . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years; if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years."  18 U.S.C. § 924(c)(1)(A)(i), (ii).  The verdict form asked the jury to find whether Stanback "carried," "possessed," and "brandished" the firearm.  They found that he did all three.

[5] This guideline provision allows a two-level enhancement where "the defendant was an organizer, leader, manager, or supervisor" of one or more participants "in any criminal activity . . . ."  U.S.S.G. § 3B1.l(c); see also United States v. Mandhai, 375 F.3d 1243, 1248 (11th Cir. 2004) ("The assertion of control or influence over only one individual is sufficient to support the role enhancement.").

court's factual findings for clear error. United States v. Ellis, 419 F.3d 1189, 1192 (11th Cir.2005). In the district court, the government bears the initial burden of "proving by a preponderance of the evidence that the defendant had an aggravating role in the offense." United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

Stanback asserts that there was no evidence to indicate that he recruited accomplices, claimed a larger share of the proceeds, or arranged a getaway vehicle. He also argues that it was irrelevant to the leadership assessment that his gun worked while his co-defendant's gun did not. Nevertheless, there was ample evidence to support the district court's finding that Stanback asserted control and influence over his co-defendants in the course of planning and carrying out the bank robbery, as well as in subsequent efforts to avoid arrest. This evidence includes testimony that Stanback: planned the robbery; distributed weapons to his co-defendants; instructed Clay to hurry up and to leave the money that had fallen out of the bag after the dye-pack exploded; and made the decision to flee to Pensacola, Florida, since he had a friend there.

Based on this, we conclude that the district court did not clearly err in finding that a preponderance of the evidence demonstrated Stanback's leadership role in the robbery, warranting application of the § 3B1.1(c) enhancement.

9

# V.

Last, Stanback claims that the district court erred by departing upward from the sentencing guidelines range. He argues that his total sentence is unreasonable and that a sentence within the guideline range would have been sufficient but not greater than necessary under 18 U.S.C. § 3553(a). Stanback "bears the burden of establishing that the sentence is unreasonable in the light of both the record and the factors in section 3553(a)." United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005). He has provided no authority or evidence in support of his argument. Indeed, the district judge demonstrated that he "considered the parties' arguments and ha[d] a reasoned basis for exercising his own legal decisionmaking authority" by enumerating his reasons for finding that a sentence above the guideline range was appropriate and necessary to achieve the purposes of 18 U.S.C. § 3553(a). Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). We see no basis for disturbing the district court's sentencing decision, and we therefore affirm.

**AFFIRMED.**