[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-15878
Non-Argument Calendar
_____

D. C. Docket No. 1:10-cr-00129-JOF-RGV-1

UNITED STATES,

Plaintiff-Appellee,

versus

CHESIRE MARTINEZ ROBINSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(January 14, 2013)

Before TJOFLAT, JORDAN and KRAVITCH, Circuit Judges.

PER CURIAM:

Chesire Robinson appeals his convictions, sentence, and restitution order

after a jury found him guilty of conspiring to engage in sex trafficking of a minor, sex trafficking of a minor, and transportation of a minor across state lines to engage in prostitution. After a review of the record and the parties' briefs, we affirm.

This case arose from an undercover investigation of underage prostitution. In October of 2009, the Federal Bureau of Investigation conducted an undercover operation at an Atlanta hotel in response to an advertisement on an erotic Internet site. Agents suspected that two girls depicted in the advertisement were minors. They attempted to arrange a date for sex with one of the girls, Sarah B., who was in fact a minor at the time of the investigation.

At trial, the government presented evidence that Sarah B. engaged in prostitution for Mr. Robinson. At the close of the government's case, the defense requested a judgment of acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure. At the conclusion of all the evidence, however, the defense did not renew its request for judgment of acquittal. The jury convicted Mr. Robinson on the three counts described above.

At sentencing, the district court, despite an objection by Mr. Robinson, imposed a two-level enhancement to his base offense level for his leadership role in the criminal activity. *See* U.S.S.G. § 3B1.1(c). The district court sentenced Mr.

Robinson to 209 months' imprisonment and awarded Sarah B. restitution in the amount of $14,440. Mr. Robinson objected to the award of restitution, but the district court determined that restitution was mandatory under 18 U.S.C. § 1593.

On appeal, Mr. Robinson argues that (1) there was insufficient evidence to support his convictions, (2) the district court erred in applying a two-level role enhancement, and (3) the district court erred in ordering restitution.

We generally review the sufficiency of the evidence to support a conviction *de novo*. *See United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007). But when a defendant fails to renew his motion for judgment of acquittal at the close of the evidence, as Mr. Robinson did, he waives any objection to the sufficiency of the evidence. *See United States v. Bichsel*, 156 F.3d 1148, 1150 (11th Cir. 1998). In such a case, we will affirm the conviction "unless there is a manifest miscarriage of justice—if the evidence on a key element of the offense is so tenuous that a conviction would be shocking." *Id.* (internal quotation marks omitted).

Mr. Robinson contends that the jury lacked sufficient evidence on a key element of the government's case—that he knew Sarah B.'s age or recklessly disregarded it. The record, however, reflects ample evidence from which a jury could, and ultimately did, determine that Mr. Robinson knew or disregarded Sarah B.'s status as a minor. Sarah B. testified that Mr. Robinson sent her a text message

3

asking whether she was sixteen years old, to which she replied "yes." Sarah B.'s sister testified that she told a person who identified himself over the phone as "Candyman" (Mr. Robinson's alias) that Sarah B. was only sixteen. Although Sarah B. sometimes told people that she was twenty-one, an unindicted co-conspirator who lived with Mr. Robinson testified that she thought Sarah B. might be a minor. The lead investigator testified that Sarah B. appeared to be underage in the advertisement that sparked the investigation. The government also introduced into evidence several photographs of Sarah B., taken at the time of the investigation, from which the jury could determine whether she appeared underage. Thus, we are unable to conclude that there was a "manifest miscarriage of justice" when the jury concluded that Mr. Robinson knew or recklessly disregarded Sarah B.'s age.

Mr. Robinson also challenges the district court's decision to apply a two-level role enhancement. The Sentencing Guidelines authorize a two-level enhancement if "the defendant was an organizer, leader, manager, or supervisor" over one or more other participants. *See* U.S.S.G. § 3B1.1(c). The government must prove the existence of a leadership role by a preponderance of the evidence. *See United States v. Yates*, 990 F.2d 1179, 1182 (11th Cir. 1993). We review a district court's role determination for clear error. *See United States v. Jennings*,

599 F.3d 1241, 1253 (11th Cir. 2010).

Mr. Robinson asserts that the district court clearly erred in applying the two-level enhancement because (1) the court could not consider the victims as participants when determining whether he held a supervisory role, *see* U.S.S.G. § 2G1.1, cmt. 3, and (2) the evidence did not support a finding that he was a leader. We disagree. A court can properly apply a role enhancement under § 3B1.1(c) when the evidence shows the defendant exerted influence or control over just one participant. *See United States v. Lozano*, 490 F.3d 1317, 1323 (11th Cir. 2007) (affirming an enhancement where the defendant instructed at least one co-conspirator to engage in criminal conduct). Mr. Robinson recruited young girls, including Sarah B., to work for him as prostitutes. Even assuming that the district court should not have considered Mr. Robinson's supervisory role over Sarah B. and other victims of the sex trafficking enterprise, there is sufficient evidence of Mr. Robinson's influence and control over his unindicted co-conspirator and girlfriend, Tera Riley. The evidence shows that Ms. Riley assisted in photographing Sarah B. and placing advertisements online for prostitution activities. Mr. Robinson utilized Ms. Riley to schedule appointments and to transport Sarah B. to meet men for commercial sexual activities. He also controlled the proceeds derived from the exploitation of a minor. The district court found that

5

Mr. Robinson was "running the show," and we find no clear error in this finding.

Finally, Mr. Robinson argues that the district court erred in awarding restitution to Sarah B. We review the legality of a restitution order *de novo*. *See United States v. Hasson*, 333 F.3d 1264, 1275 (11th Cir. 2003). Although subsections (a) and (b) of 18 U.S.C. § 1593 mandate that the defendant pay restitution to the victim, Mr. Robinson asserts that Sarah B. is not entitled to restitution because she is not a "victim" within the meaning of the statute. But § 1593(c) specifically defines "victim" as "the individual harmed as a result of a crime under this chapter." A child engaged in a sex trafficking enterprise falls squarely within this definition. *See United States v. Palmer*, 643 F.3d 1060, 1067 (8th Cir. 2011) (noting that denial of restitution to a child sex trafficking victim would be "contrary to law").

Mr. Robinson's assertion that he did not force Sarah B. to prostitute is unavailing. Under the law, minors cannot consent to prostitution. *See* 18 U.S.C. § 1591(a) (criminalizing sex trafficking of children, even if the defendant did not use force, fraud, or coercion). The district court, therefore, properly concluded that, based on the plain language of § 1593, an award of restitution was mandatory.

Mr. Robinson also challenges the amount of the restitution order for the first time on appeal. We review a first-time challenge to the amount of restitution for

6

plain error. *See Hasson*, 333 F.3d at 1276. Under plain error review, we will only reverse if we find a error that is plain and that affected Mr. Robinson's substantial rights. *See id.* The statute in question, § 1593(b)(3), expressly provides that the amount of restitution must include "the greater of the gross income or value to the defendant of the victim's services or labor or the value of the victim's labor as guaranteed under the minimum wage." The trial testimony revealed the amount charged for Sarah B.'s services and the amount of time she worked for Mr. Robinson, and that evidence supported the amount of restitution ordered. Because we find no plain error in the district court's calculation of the restitution amount, the order is affirmed.

    **AFFIRMED.**