[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 6, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-14562

_____

D. C. Docket No. 04-60298 CR-KAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JASON LUNTAY TAYLOR,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(March 6, 2007)**

Before BLACK, BARKETT and KRAVITCH, Circuit Judges.

BLACK, Circuit Judge:

Jason Luntay Taylor appeals his conviction and sentence for conspiracy to interfere with interstate commerce by means of robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951(a); conspiracy to possess with the intent to distribute at least 15 kilograms but less than 50 kilograms of cocaine, in violation of 21 U.S.C. § 846; possession of a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and possession of ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).

On appeal, Taylor contends the Government cannot establish a Hobbs Act conspiracy because the object of the planned robbery, cocaine, did not exist.[1] After careful review, we affirm, holding that the object of the robbery need not exist for the Government to prove a Hobbs Act conspiracy.

## I. BACKGROUND

Taylor's convictions resulted from a reverse sting operation by the Bureau of Alochol, Tobacco, and Firearms (ATF). In October 2004, a confidential informant contacted ATF Special Agent Mike Connors to report that George Jackson was interested in committing an armed narcotics robbery. Connors, acting

---

[1] Taylor raised three other issues on appeal, which we do not discuss. We have determined the district court did not err by denying Taylor's motion for acquittal on the ammunition charge or by refusing to apply a minor role reduction to Taylor's sentence. Further, the district court did not abuse its discretion by admitting Taylor's post-arrest statements.

undercover, met with George Jackson several times to plan the robbery of fictional cocaine dealers. Jackson agreed to steal approximately 15 kilograms of cocaine from a stash house and enlisted the help of Percy Campbell, a trusted associate.

On November 8, 2004, Connors met with Jackson and the confidential informant to notify them the cocaine would arrive the following day. On November 9, 2004, Jackson contacted Connors to inform him he could not locate Campbell but had recruited someone else, later identified as Jason Taylor.

Later that day, Connors gave the confidential informant a BMW equipped with audio and video recording devices. The informant drove the BMW to pick up Jackson and Taylor, took them to Outdoor World where Jackson bought shotgun ammunition, and then met Connors and followed him to a warehouse. Jackson, Connors, and Taylor discussed the robbery in the warehouse and Taylor made statements indicating he intended to commit the planned armed robbery.

While Jackson and Taylor were still in the warehouse, ATF agents arrested them. The agents found a loaded gun in Taylor's possession. Later that night, Taylor admitted he planned to rob the targeted house of 15 kilograms of cocaine and expected to receive 4 kilograms of cocaine in payment.

The narcotics organization, cocaine, guards, and house Connors described to Jackson and Taylor were all fictional parts of the sting operation and never existed.

## II. STANDARD OF REVIEW

We review the sufficiency of evidence to support a conviction *de novo*, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict. *United States v. Rodriguez,* 218 F.3d 1243, 1244 (11th Cir. 2000). We will uphold a district court's denial of a motion for a judgment of acquittal if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt. *Id.*

## III. DISCUSSION

The Hobbs Act prohibits the attempt or conspiracy to obstruct, delay, or affect commerce by robbery or extortion. 18 U.S.C. § 1951. The two required elements for a substantive Hobbs Act conviction are "robbery and an effect on [interstate] commerce." *United States v. Rodriguez*, 218 F.3d 1243, 1244 (11th Cir. 2000). The interstate nexus for "[a] Hobbs Act conspiracy can be proved by showing a *potential impact* on interstate commerce." *United States v. Verbitskaya*,

406 F.3d 1324, 1335 (11th Cir. 2005) (emphasis in original), *cert. denied*, 126 S. Ct. 1095 (2006).

If the cocaine in this case actually existed, a sufficient interstate nexus would exist to satisfy the jurisdictional requirement of the Hobbs Act. *See United States v. Bernard*, 47 F.3d 1101, 1103 (11th Cir. 1995). The issue of first impression in this Circuit is whether the Hobbs Act jurisdictional requirement is met when the cocaine and cocaine traffickers are fictitious.

Only the Ninth Circuit Court of Appeals has squarely addressed this jurisdictional challenge to a Hobbs Act conspiracy conviction. *United States v. Rodriguez*, 360 F.3d 949, 955-57 (9th Cir. 2004). In *Rodriguez*, the defendant argued there was no effect on interstate commerce because "neither the narcotics nor the narcotics traffickers actually existed." *Id*. at 957. The *Rodriguez* Court rejected this argument concluding that "the non-existent status of the target drug traffickers is inapposite. Impossibility is not a defense to the conspiracy charge." *Id*. at 957. The Court affirmed the Hobbs Act conviction based on the conspiracy to rob fictitious drug traffickers.

Similarly, this Court has affirmed Hobbs Act convictions resulting from law enforcement sting operations where the object of the charged crime was fictitious. In *United States v. Eaves*, an FBI agent created a fictitious development project

5

and offered a bribe to a County Commissioner in exchange for his favorable vote to rezone the project site. 877 F.2d 943, 946 (11th Cir. 1989). The appellant argued there was no impact on interstate commerce because "every aspect of the . . . project was a pretense." *Id.* at 946. This Court rejected the argument, concluding the FBI's role and the fabrication of the project did not destroy the interstate nexus for a Hobbs Act conviction. *Id.*; *see also United States v. Holmes*, 767 F.2d 820, 824 (11th Cir. 1985) ("The fact that the FBI undercover agent represented a fictitious business entity is not a defense to an extortion charge.").

In this case, Taylor conspired to violently rob the stash house of a narcotics organization. The fact that the intended victims and narcotics were fictional is irrelevant. Accordingly, we hold the interstate nexus was sufficient to sustain Taylor's Hobbs Act conspiracy conviction.

**AFFIRMED.**