[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 14, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14310
Non-Argument Calendar

_____

D. C. Docket No. 06-00003-CR-4-RH-WCS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TINA JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 14, 2007)

Before ANDERSON, DUBINA, and CARNES, Circuit Judges.

PER CURIAM:

Tina Jones appeals her conviction, after jury trial, of forcible assault on a

federal officer. 18 U.S.C. § 111. Jones was an inmate at the Federal Correctional Institution in Tallahassee, Florida.[1] She had a tense relationship with one of the correctional officers, Lieutenant Stanford. Stanford had accused her of using a broken broomstick in a fight in the recreation yard. Jones claimed that Stanford was falsely accusing her, while Stanford believed that Jones had fabricated those allegations and others. After a hearing regarding Jones's involvement in the fight, Jones encountered Stanford in a hallway outside the hearing room. When Jones began to verbally attack Stanford, he ordered her to cuff up. Jones refused to let Stanford cuff her. Before Stanford touched her, he tripped and fell to the ground, apparently through no fault of Jones.

The trial was principally concerned with what happened next. Stanford claimed that Jones intentionally jumped on top of him and struck him (including twice on the head), resulting in injuries to his elbow and finger. Jones, on the other hand, claimed that Stanford pulled her down, and that any contact with Stanford was accidental or incidental to him pulling her down. The judge instructed the jury that it could convict Jones of forcible assault only if, inter alia, she intentionally struck or jumped on Stanford. The jury convicted Jones of that

---

[1] In stating the facts, we view the evidence in the light most favorable to the government and draw all reasonable inferences and credibility choices in favor of the jury's verdict. See United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007).

offense, and thus necessarily concluded that Jones struck or jumped on top of Stanford.

On appeal, Jones argues that her conviction was improper because the court gave an erroneous jury instruction. We review jury instructions <u>de novo</u> "to determine whether they misstate the law or mislead the jury to the prejudice of the objecting party." <u>United States v. Hansen</u>, 262 F.3d 1217, 1248 (11th Cir. 2001). But "[w]hen the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism." <u>United States v. Beasley</u>, 72 F.3d 1518, 1525 (11th Cir. 1996). We therefore begin by examining whether the jury instructions in this case contained a correct statement of the law.

The assault on a federal officer statute reads as follows:

(a) In general. Whoever–
  (1) forcibly assaults, resists, opposes, impedes, intimidates, or interferes with any person designated in section 1114 of this title while engaged in or on account of the performance of official duties; or
  (2) forcibly assaults or intimidates any person who formerly served as a person designated in section 1114 on account of the performance of official duties during such person's term of service,

shall, where the acts in violation of this section constitute only simple assault, be fined under this title or imprisoned not more than one year,

3

or both, and in all other cases, be fined under this title or imprisoned not more than 8 years, or both.

(b) Enhanced penalty. Whoever, in the commission of any acts described in subsection (a), uses a deadly or dangerous weapon (including a weapon intended to cause death or danger but that fails to do so by reason of a defective component) or inflicts bodily injury, shall be fined under this title or imprisoned not more than 20 years, or both.

18 U.S.C. § 111.

Subsection (a) is the relevant provision here. It makes a distinction between simple assault (punishable by one year's imprisonment) and forcible assault (punishable by eight years' imprisonment). We first addressed this distinction in United States v. Fallen, 256 F.3d 1082 (11th Cir. 2001). The defendant in Fallen argued that a threat of force against a federal officer constitutes forcible assault only if the threat is accompanied by physical contact. Id. at 1088.

We rejected that narrow interpretation. First, we defined simple assault as "common law" assault: "a willful attempt to inflict injury upon the person of another, or. . . a threat to inflict injury upon the person of another which, when coupled with an apparent present ability, causes a reasonable apprehension of immediate bodily harm." Id. (citation omitted, omission in original). We then noted that a forcible assault "would therefore have to be something more" than simple assault. Id. Finally, we held that an example of this "something more" is a

4

"willful attempt or threat to inflict <u>serious</u> bodily injury, coupled with an apparent present ability, which causes the intended victim a reasonable apprehension of immediate <u>serious</u> bodily harm <u>or death</u>." <u>Id.</u> (emphasis in original). As a result, the defendant in <u>Fallen</u> was properly convicted of forcible assault, even though he did not make physical contact with the federal officers, because he threatened to cause serious bodily injury, which caused the officers to reasonably apprehend immediate serious bodily harm. <u>Id.</u>

In the instant case, Jones argues that she was improperly convicted of forcible assault because the jury did not find that she attempted or threatened to inflict serious bodily injury, or caused a federal officer to reasonably apprehend immediate serious bodily injury or death. Instead, the district court instructed the jury that Jones could be convicted of forcible assault if, <u>inter alia</u>, (1) she "threatened or attempted to inflict bodily injury" on the federal officer, (2) "the threat or attempt caused [the federal officer] to experience reasonable apprehension that the threatened or attempted injury would occur," and (3) "as part of the assault or forcible resistance, the Defendant struck [the federal officer] or jumped on his back." In short, the court instructed the jury that it could find Jones guilty of forcible assault only if it found that Jones had committed a simple assault

5

and that she had struck or jumped on the federal officer.[2]  When the jury convicted

Jones of forcible assault, it necessarily found that she had struck or jumped on Lt.

Stanford.

Jones argues that because the court did not give a Fallen instruction, the jury

did not necessarily find that Jones had threatened to cause serious bodily injury or

death, or that she caused a reasonable apprehension thereof.  But contrary to

Jones's contention, this omission did not necessarily mean the instruction

misstated the law.  Fallen did not exhaust the category of forcible assault.  Rather,

it simply held that "something more, such as" a threat to inflict serious bodily

injury, coupled with a reasonable apprehension of serious bodily injury, was

sufficient to elevate simple assault to forcible assault.  Fallen, 256 F.3d at 1088

(emphasis added).  Fallen did not say that proof of an intentional striking or

jumping was insufficient.  It had no occasion to do so, since there was no physical

contact in that case.

In a recent published decision, United States v. Martinez, 2007 U.S. App.

LEXIS 11557 (11th Cir. 2007), we made explicit what was merely implicit in the

---

[2] The court reiterated its distinction between simple assault and forcible assault when it
instructed the jury to consider the lesser included offense of simple assault "only if you find the
Defendant not guilty of the greater offense of assaulting or forcibly resisting a federal officer and
initiating actual physical contact."

reasoning of <u>Fallen</u>: that physical contact is sufficient to elevate simple assault to forcible assault, even when that physical contact does not result in actual bodily injury. <u>Id.</u> at *15. Because the jury instructions in this case provided that Jones could be convicted of forcible assault only upon proof of a simple assault plus physical contact, they contained a correct statement of the law. A reversal of Jones's conviction is therefore not warranted on this ground. <u>See</u> <u>Beasley</u>, 72 F.3d at 1525.

Jones's other challenges to the jury instructions are equally without merit. Accordingly, Jones was properly convicted of forcible assault, and her conviction is

AFFIRMED.