[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 11, 2008
THOMAS K. KAHN
CLERK

_____

No. 06-15860
Non-Argument Calendar

_____

D. C. Docket No. 06-20162-CR-PAS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUFUS GILBERT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 11, 2008)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Rufus Gilbert appeals his conviction for making false declarations before a court, in violation of 18 U.S.C. § 1623. The sole issue on appeal is whether the evidence presented at trial was sufficient to support Gilbert's conviction.

We review the sufficiency of the evidence to support a conviction *de novo*, construing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility determinations in favor of the jury's verdict. *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir.), *cert. denied*, 128 S. Ct. 130 (2007). We will uphold the denial of a motion for acquittal if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt. *Id.*

Section 1623(a) provides in pertinent part: "Whoever under oath . . . in any proceeding before or ancillary to any court or grand jury of the United States, knowingly makes any false material declaration . . . shall be fined under this title or imprisoned not more than five years, or both." 18 U.S.C. § 1623(a). The essential elements of the crime under § 1623(a) are "(1) knowingly making (2) a false (3) material declaration while (4) under oath." *United States v. Cross*, 638 F.2d 1375, 1378 (5th Cir. 1981).[1]

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981)(en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

After carefully reviewing the record and considering the parties' briefs, we discern no reversible error. Based on the evidence presented at trial, a reasonable jury could find beyond a reasonable doubt Gilbert knowingly made a material, false statement before a court. The Government presented evidence Gilbert was part of the jury pool in a criminal case, and after he had been sworn in, he answered "no" when asked if he or anyone close to him had ever been arrested. The Government also put forth evidence Gilbert had been convicted of two separate felonies, in 1991 and 1992, respectively. During cross examination, Gilbert admitted he was arrested again in 2004. While Gilbert claims his mistake of law regarding whether he had been granted clemency precluded his commission of a crime, his most recent arrest in 2004 occurred after he submitted his final application for clemency in 2003. Thus, a reasonable jury could conclude, regardless of whether Gilbert mistakenly believed he had been granted clemency for his earlier convictions, he at least knew of his most recent arrest at the time of the *voir dire* proceedings when he claimed he had never been arrested. Accordingly, Gilbert's conviction is affirmed.

**AFFIRMED.**