[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 21, 2009
THOMAS K. KAHN
CLERK

_____

No. 09-12559
Non-Argument Calendar

_____

D. C. Docket No. 08-21046-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHELLE ROSS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 21, 2009)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Michelle Ross was convicted of access device fraud, in violation of 18 U.S.C. § 1029(a)(2), and aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1),[1] in connection with a series of purchases she made using a credit card fraudulently obtained through the use of another person's social security number. She now appeals her conviction for aggravated identity theft on the ground that the evidence adduced at her bench trial was insufficient to support the district court's judgment.

The parties submitted the case to the district court on stipulated facts and Ross's signed confession. The joint trial stipulation provided that Ross had "used a social security number belonging to M.D. to apply for the credit card" and that over the next two weeks she had charged over $19,000 on the card. Her confession stated that she had "use[d] my name and someone el[s]es social security number to obtain a credit card which I used."

The defense moved for a judgment of acquittal on the aggravated identity theft count, arguing that Ross had not known she was using a real person's social security number when she applied for the credit card. The government responded, first, that under existing Eleventh Circuit precedent, aggravated identity theft did

---

[1] "Whoever, during and in relation to any felony violation enumerated in subsection (c), *knowingly* transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years." 18 U.S.C. § 1028A(a)(1) (emphasis added).

not require knowledge of a real person's identity, *United States v. Hurtado*, 508 F.3d 603, 610 (11th Cir. 2007), and, second, that the evidence before the court was nevertheless sufficient to support a finding that Ross had known she was using someone else's real identity. Without specifically addressing the government's arguments, the district court found Ross guilty.

On appeal, Ross cites *Flores-Figueroa v. United States*, 129 S. Ct. 1886, 1894 (2009), in which the Supreme Court, after Ross had been sentenced, overruled *Hurtado* and held that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." She argues that the government failed to meet its burden under *Flores-Figueroa* and that the district court did not make findings sufficient to justify a guilty verdict on the aggravated identity theft charge.

We review the sufficiency of evidence supporting a conviction *de novo*. *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007). For bench trials involving stipulated facts, the test is "whether the judge could accept the stipulated facts, considered in the light most favorable to the government, as adequate and sufficient to support the conclusion that the defendant was guilty beyond a reasonable doubt." *United States v. Moore*, 427 F.2d 38, 41–42 (5th Cir. 1970).[2]

---

[2] We adopted the Fifth Circuit's decisions prior to October 1, 1981 as binding precedent in *Bonner v. Prichard*, 661 F.2d 1206 (11th Cir. 1981).

At the time Ross was convicted and sentenced, the district court was bound by our holding in *Hurtado* that "§ 1028A(a)(1) did not require the government to prove that [Ross] knew that the means of identification that [s]he possessed and used belonged to another actual person." 508 F.3d at 610. Although the *Hurtado* standard was later displaced by the stricter requirements of *Flores-Figueroa*, we conclude that the evidence before the district court was sufficient to support a guilty verdict under either standard.

The joint stipulation submitted to the district court provided that Ross had "used a social security number belonging to M.D.," and her confession stated that she had "use[d] my name and someone el[s]es social security number." This uncontested evidence,[3] viewed in the light most favorable to the government, supports the conclusion that Ross knew she was using another person's identity when she applied for the credit card. Ross's conviction is therefore

**AFFIRMED.**

---

[3] Defense counsel argued at trial that evidence "would have shown" that Ross did not knowingly use a real person's social security number, but the "statements and arguments of counsel are not evidence," *United States v. Smith*, 918 F.2d 1551, 1562 (11th Cir. 1990).