[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-11505
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 6, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00182-WKW-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALLEN CAPRICE STOUDEMIRE,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(December 6, 2011)

Before BARKETT, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

After a jury trial, Allen Caprice Stoudemire appeals his convictions on two

counts of knowingly making false material statements under oath, in violation of 18 U.S.C. § 1623(c). Stoudemire argues that the government failed to prove that the two statements he made under oath were irreconcilably contradictory declarations and thus false. After review, we affirm.[1]

To sustain a conviction under § 1623, the government must show beyond a reasonable doubt that the defendant, while under oath, knowingly made a false material declaration. 18 U.S.C. § 1623(a). If, as here, the indictment alleges that the defendant "made two or more declarations, which are inconsistent to the degree that one of them is necessarily false," the indictment

. . . need not specify which declaration is false if- -

> (1) each declaration was material to the point in question, and
> (2) each declaration was made within the period of the statute of limitations for the offense charged under this section.

> In any prosecution under this section, the falsity of a declaration set forth in the indictment or information <u>shall be established sufficient for conviction by proof that the defendant while under oath made irreconcilably contradictory declarations material to the point in question</u> in any proceeding before or ancillary to any court or grand jury.

---

[1]Because Stoudemire timely moved for a judgment of acquittal under Federal Rule of Criminal Procedure 29, we review the sufficiency of the evidence <u>de novo</u>, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." <u>United States v. Taylor</u>, 480 F.3d 1025, 1026 (11th Cir. 2007).

18 U.S.C. § 1323(c) (emphasis added).[2]  Two declarations are irreconcilably contradictory for § 1623(c) purposes if "they are so different that if one is true there is no way that the other can also be true."  United States v. Hasan, 609 F.3d 1121, 1134 (10th Cir. 2010) (quotation mark omitted); United States v. McAfee, 8 F.3d 1010, 1014-15 (5th Cir. 1993); United States v. Porter, 994 F.2d 470, 473 (8th Cir. 1993); United States v. Flowers, 813 F.2d 1320, 1324 (4th Cir. 1987).

Here, the government presented evidence that, on April 5, 2010, Stoudemire pled guilty to knowingly and intentionally growing 100 or more marijuana plants. United States v. Stoudemire, No. 09-cr-189 ("Stoudemire I").[3]  During his change of plea hearing before Magistrate Judge Walker, Stoudemire admitted under oath that he was involved in manufacturing or growing marijuana plants that were in an aquarium at his home and used and carried a couple of pistols during and in relation to his marijuana growing operation:

> [DEFENSE COUNSEL]:        And back on or around January 29th of
> the year 2009 did you . . . become involved in manufacturing or growing

---

[2]Stoudemire does not challenge the materiality of the two statements or that they were made under oath and within the statute of limitations period.  The only issue Stoudemire raises on appeal is whether the two statements are sufficiently contradictory.

[3]The government introduced two transcripts from Stoudemire I, and a court reporter testified that she prepared those transcripts in the regular practice and course of her job, at or near when the hearings occurred.  The parties stipulated that the two transcripts referred to hearings that occurred during Stoudemire I proceedings and involved charges against the same Stoudemire on trial in the current case.

some marijuana plants that were in an aquarium in your house or on the premises?
DEFENDANT:    Yes.
. . . .
[DEFENSE COUNSEL]:    And as far as count two, at the same house that you used to have, you had a couple of pistols in that house; is that right?
DEFENDANT:    Yes.
[DEFENSE COUNSEL]:    And did you knowingly use and carry during and in relation to the - - and possess those firearms in relation to the growing of the marijuana plants in this case?
DEFENDANT:    Yes.

          . . . .
[PROSECUTOR]: Mr. Stoudemire, as far as the marijuana plants referred to in count one, you agree that you were growing - - knowingly and intentionally growing more than 100 marijuana plants; is that right?
DEFENDANT:    I was told it was 100 or more, but - - I knew they was growing.  I don't know.
[DEFENSE COUNSEL]:    You didn't count them, right?
DEFENDANT:    No.
[PROSECUTOR]: Do you have any reason to disagree that there were more than 100?
DEFENDANT:    Not - - no.

However, in an August 18, 2010 hearing on Stoudemire's motion to withdraw his above guilty plea, Stoudemire, again under oath, recanted that testimony and said he had lied, at the above change of plea hearing, when he said: (1) he was involved in manufacturing or growing marijuana plants that were in an aquarium at his house; and (2) he had used and carried a couple of pistols during and in relation to the growing of the marijuana plants.

Q:    All right. [Defense Counsel] asked you at your change of plea: On

4

or about January 29th of 2009, did you become involved in manufacturing or growing some marijuana plants that were in an aquarium in your house or on the premises? And you answered, yes.

A: Yes, I did.

Q: Do you remember that?

A: Yes.

Q: When you said yes, was that the truth or a lie?

A: That was a lie.

Q: That was a lie?

A: Yes.

Q: And [Defense Counsel] further asked you if you knowingly used and carried during and in relation to the growing of the marijuana plants a couple of pistols. Do you remember him asking you about that?

A: Yes.

Q: And you said yes?

A: Yes, I did.

Q: Was that the truth or a lie?

A: That was a lie.

Q: So what you're telling the Court is that you lied to the judge, Judge Walker, about the facts of your case when you were asked questions about it in open court?

A: Yes.

At this point, the district court questioned Stoudemire as to why he now believed he was not guilty:

THE COURT: What possible evidence could you have received that you now say you didn't do that?

THE WITNESS: The affidavit where I told the officers that - - whose stuff it was. Because I never participated into the growth of it.

The COURT: So you're saying it's a technical distinction between you participating in the growth of marijuana and whether or not there was marijuana in the aquarium in your home?

THE WITNESS: Yes, because I never seen the aquarium and the plants, Your Honor.

THE COURT: All right. I just wanted to make sure that I

5

understood what you were saying. . . . . But I want to make sure that you understand that if you're saying, Judge Fuller, I now am saying I didn't do anything or have any participation in growth of marijuana, although I knew it was being grown in my house, I want to know what discovery you've received that would change your mind about what you did to and didn't do.

      THE WITNESS:  I did not know it was being grown in my house. I gave a relative permission that weekend to move up there. I wasn't at the house, and he hid it in the garage.

      THE COURT:    All right. You understand that giving false testimony under oath is a separate federal crime, the crime of perjury?

      THE WITNESS:  Yes, Your Honor. I guess that's - - where he asked me, I lied to Judge Walker.

Given these colloquies, we conclude that the government's evidence was sufficient for a reasonable jury to conclude that Stoudemire, while under oath, knowingly made irreconcilably contradictory declarations about his involvement in the marijuana growing operation and his possession of firearms in connection with that marijuana growing operation. We reject Stoudemire's contention that his August 2010 testimony was too vague to be inconsistent with his April 2010 testimony or that the prosecutor was required to ask identical questions at both hearings to prove the statements were irreconcilable.

Stoudemire's statements at the two hearings addressed the same components of the underlying criminal charges–his participation in the marijuana growing operation and his possession of firearms in connection with the marijuana growing operation–and were in direct opposition to each other. In April 2010, Stoudemire

6

said he had participated in the marijuana growing and had possessed firearms in connection with that marijuana growing. In August 2010, he clearly and explicitly disavowed any knowledge of the marijuana growing operation and said that he had lied at the April 2010 hearing. Because the two statements take opposite positions on the same subject matter, they are irreconcilably inconsistent. Stoudemire either lied when he admitted the conduct, or he lied when he recanted and denied the conduct. There is no way the two statements can both be true.

Accordingly, the district court did not err in denying Stoudemire's motion for a judgment of acquittal.

**AFFIRMED.**