[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13517
Non-Argument Calendar
_____

D.C. Docket No. 4:13-cr-10002-KMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODNEY DOSSOU,
a.k.a. Rodney Jean,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 25, 2014)

Before WILSON, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Rodney Dossou appeals his convictions for conspiracy to possess marijuana

with intent to distribute, possession of marijuana with intent to distribute, and

failing to break to a law enforcement vessel, all while aboard a vessel subject to United States jurisdiction.  Dossou argues that the district court erred by denying his motion for judgment of acquittal because a reasonable trier of fact could not find that the evidence established guilt beyond a reasonable doubt.  Second, Dossou also appeals his 97-month total sentence for these convictions, arguing that the district court erred by applying a two-level reckless endangerment enhancement.  Upon review of the record and consideration of the parties' briefs, we affirm.

I.

We review the denial of a motion for judgment of acquittal by reviewing the sufficiency of the evidence de novo.  *United States v. Gari*, 572 F.3d 1352, 1359 (11th Cir. 2009).  In doing so, we view the evidence in the light most favorable to the government.  *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007).  "We are bound by the jury's credibility determinations, and by its rejection of the inferences raised by the defendant."  *United States v. Hernandez*, 433 F.3d 1328, 1334 (11th Cir. 2005) (internal quotation marks omitted).  No distinction is made between the weight given to direct or circumstantial evidence.  *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011).  If a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt, the evidence is

2

sufficient to support a conviction. *United States v. Tinoco*, 304 F.3d 1088, 1122 (11th Cir. 2002).

To prove the existence of a conspiracy, the government must establish "that an agreement existed between two or more persons and that the defendant knowingly and voluntarily participated in it." *Id.* at 1122.  Conspiracy may be inferred when crewmen are on a vessel in which the presence of contraband is obvious. *United States v. Fuentes*, 877 F.2d 895, 900 (11th Cir. 1989).  The presence of contraband is obvious if there are large quantities on a small vessel. *Id.*

To support a conviction for possession with intent to distribute, the government must show that the defendant had (1) knowing (2) possession of drugs and (3) intent to distribute them.  *United States v. Faust*, 456 F.3d 1342, 1345 (11th Cir. 2006).  Possession may be actual or constructive and if the defendant exercised some measure of dominion or control over the contraband, either exclusively or in association with others, he constructively possessed it.  *Tinoco*, 304 F.3d at 1123.  Moreover, a defendant's intent to distribute may be inferred from the quantity of contraband that was seized.  *Id.*  In conspiracy and possession cases involving drug-laden vessels, we have outlined factors to determine whether the jury may conclude that a defendant was guilty of conspiracy and possession, including: "(1) probable length of the voyage, (2) the size of the contraband

3

shipment, (3) the necessarily close relationship between captain and crew, (4) the obviousness of the contraband, and (5) other factors, such as suspicious behavior or diversionary maneuvers before apprehension, attempts to flee, inculpatory statements made after apprehension, witnessed participation of the crew, and the absence of supplies or equipment necessary to the vessel's intended use." *Id.* at 1123. Once a large quantity of contraband is shown to have been present on a vessel, the government's remaining burden of showing that the crew knowingly participated in the drug smuggling operation is "relatively light." *Id.* (internal quotation marks omitted). In fact, the government can meet its remaining burden by proving any one of the other remaining factors. *Id.*

On appeal, Dossou argues that the district court erred by denying his motion for a judgment of acquittal as to the conspiracy and possession counts, maintaining that his "mere presence" aboard the Alfa Omegar was insufficient to support a jury verdict, and that there was no evidence he threw the packages overboard or knew that they contained marijuana. The government argues that the evidence was sufficient to establish that Dossou knowingly possessed the marijuana with intent to distribute, and the fact that Dossou tried to hit the Coast Guard vessel twice and fled from law enforcement for six hours is more than sufficient to show that he aided and abetted in the possession charge. With respect to the conspiracy, Dossou argues that there was no evidence he had any agreement with the co-conspirators

concerning the packages of marijuana, while the government explains that there was testimony that at least two people were on the Alfa Omegar's deck during the pursuit and two people threw marijuana off the back of the vessel. Also, Dossou captained the vessel at various times during its flight from law enforcement and attempted to hit the Coast Guard's vessel twice, which was sufficient to show that Dossou knew of the conspiracy and participated in it. Further, a jury could reasonably infer that 200 kilograms of marijuana aboard a small boat would have been obvious to Dossou, particularly after the crew began dumping it overboard, again demonstrating that Dossou knew of and participated in the conspiracy.

Upon review, the evidence was sufficient to show that Dossou conspired and substantively possessed marijuana with intent to distribute. Dossou was more than "merely present" on the Alfa Omegar—he was the captain of a small sailing vessel containing over 200 kilograms of marijuana, and evaded law enforcement officers for several hours. The amount of marijuana on the Alfa Omegar would be considered "obvious" for the purposes of inferring Dossou's knowledge of the drugs, constructive possession of the drugs, and participation in a conspiracy. *See Fuentes*, 877 F.2d at 900. The amount of contraband recovered was also sufficient to infer intent to distribute. *Tinoco,* 304 F.3d at 1123. Moreover, because a large amount of contraband was recovered, Dossou's eight hour flight and evasive maneuvering was sufficient to prove that Dossou knowingly participated in a drug

5

conspiracy. *Id.* Given these facts, a jury could reasonably conclude beyond a reasonable doubt that Dossou both conspired and substantively possessed marijuana with intent to distribute. Therefore, the district court did not err by denying Dossou's motion for judgment of acquittal and we affirm.

## II.

With respect to Dossou's argument that a sentencing enhancement was improperly applied, we review a district court's refusal to consider the merits of untimely objections to the Presentence Investigation Report (PSI) for abuse of discretion. *United States v. Edouard*, 485 F.3d 1324, 1351 (11th Cir. 2007). A party must state any objections within 14 days after receiving the PSI. Fed. R. Crim. P. 32(f)(1). Absent a showing of good cause, *see* Fed. R. Crim. P. 32(i)(1)(D), the district court does not abuse its decision when refusing to consider the merits of an untimely objection. *See Edouard*, 485 F.3d at 1351.

We review the district court's application of the Sentencing Guidelines de novo. *United States v. Newman*, 614 F.3d 1232, 1235 (11th Cir. 2010). The Guidelines provide for a two-level enhancement "[i]f the defendant recklessly created a substantial risk of death or serious bodily injury to another person in the course of fleeing from a law enforcement officer."[1] U.S.S.G. § 3C1.2.

---

[1] "Reckless" is defined as "a situation in which the defendant was aware of the risk created by his conduct and the risk was of such a nature and degree that to disregard that risk

6

Dossou argues that the district court erred in applying this enhancement because he did not recklessly maneuver the Alfa Omegar, attempt to "ram" into the Coast Guard's vessel, or place the Coast Guard officers at substantial risk of serious bodily injury. Also, Dossou cites several unpublished and cases from other circuits in which "reckless" behavior involved seemingly more egregious conduct than Dossou's. The government argues that the district court did not err by dismissing Dossou's objection to the reckless endangerment enhancement as untimely, because Dossou failed to show good cause for the untimeliness of his objection. Even if the objection was timely, the enhancement was proper because the Coast Guard vessel had to avoid potential collisions caused by the Alfa Omegar.

Upon review, Dossou's counsel received a draft disclosure of the PSI on June 28, 2013, and Dossou filed his written objections twenty-five days later, on July 23, 2013. Dossou's written objections were untimely and he failed to provide any explanation for their untimeliness. *See* Fed. R. Crim. P. 32(f)(1). Even on appeal, he offers no justification for the delay, arguing that the district court reached the merits of his objection. Because Dossou failed to show good cause,

---

constituted a gross deviation from the standard of care that a reasonable person would exercise in such a situation." U.S.S.G. §§ 2A1.4, cmt. n.1; *see* cmt. n.2.

the district court did not abuse its discretion by dismissing Dossou's objection as untimely.  *Edouard*, 485 F.3d at 1351.

Moreover, the district court did not err in its alternative ruling on the merits. Both times the Coast Guard's small boat attempted to pull alongside the Alfa Omegar, Dossou attempted to run into the Coast Guard's boat.  Attempting to steer a sailing vessel into a soft-hulled vessel with people aboard constitutes reckless disregard for the safety of the individuals aboard both vessels.  *See* U.S.S.G. § 3C1.2, cmt. n.2.  Dossou's behavior constituted a "gross deviation" from the standard of care that a reasonable person would exercise.  *Id.*  Accordingly, the district court did not err by applying a two-level reckless endangerment enhancement on the merits.

**AFFIRMED.**