[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11018
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20420-JAG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

PHILLIP MIKLE,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 14, 2014)

Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Phillip Mikle appeals his conviction and 240-month sentence imposed after a jury convicted him of possession with intent to distribute cocaine and cocaine base.  After careful review, we affirm both his conviction and his sentence.

Mikle first argues that, due to inconsistencies between the police officers' trial testimony and police reports, the evidence was insufficient to establish his guilt beyond a reasonable doubt.[1]  We conclude sufficient evidence supported Mikle's conviction despite the alleged inconsistencies.  Issues about conflicting testimony are credibility issues for the jury to resolve, *United States v. Moore*, 525 F.3d 1033, 1049 (11th Cir. 2008), and we presume the jury resolved all credibility issues in favor of its verdict, *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007).  Here, the jury convicted Mikle and therefore found the officers' trial testimony to be credible despite any inconsistencies with the police reports. Sufficient evidence supported every element of the charge, and the jury reasonably concluded Mikle was guilty beyond a reasonable doubt.  We accordingly affirm Mikle's conviction.

Mikle also argues his sentence was procedurally and substantively unreasonable.[2]  Mikle contends the sentence was procedurally unreasonable

---

[1] This Court reviews the sufficiency of evidence to support a defendant's conviction de novo, viewing the evidence in the light most favorable to the government.  *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007).

[2] This Court reviews a sentence for procedural and substantive reasonableness under an abuse of discretion standard.  *United States v. Wetherald*, 636 F.3d 1315, 1320 (11th Cir. 2011).

because the district court did not adequately explain its reasoning for declining to grant a downward variance. This argument lacks merit. The record shows the district court considered the parties' arguments and issued a reasoned basis for its decision to impose a sentence within the Guidelines range. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation."); *United States v. Livesay*, 525 F.3d 1081, 1090 (11th Cir. 2008) (holding "sentencing judge is not required" to explicitly consider or discuss each of the sentencing factors). Mickle's sentence was therefore procedurally reasonable.

Mikle opines that his sentence was substantively unreasonable because the length of his conviction—240 months—is excessive in light of the crime for which he was convicted: the possession of 1.4 grams of cocaine base and 0.8 grams of cocaine powder. We conclude the district court did not abuse its discretion by imposing the 240-month sentence. The district did not act unreasonably by attaching great weight to the Guidelines' treatment of Mikle's criminal history and less weight to the nature and circumstances of his offense. *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) ("[W]e ordinarily . . . expect a sentence with the Guidelines range to be reasonable.") (quotation omitted); *United States v.*

---

The party who challenges the sentence bears the burden to show the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

*Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given §3553(a) factor is a matter committed to the sound discretion of the district court. . . .") (quotation omitted).  Given his extensive criminal history, Mikle cannot show the district court afforded unjustified weight to this factor.

In light of the foregoing reasons, we affirm Mikle's conviction and his sentence.

**AFFIRMED.**