[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11365
Non-Argument Calendar
_____

D.C. Docket No. 3:15-cr-00056-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SHAWN RYAN GOODFLEISCH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(February 6, 2018)

Before WILSON, JORDAN and BLACK, Circuit Judges.

PER CURIAM:

Shawn Goodfleisch appeals his convictions for receipt of child pornography, 18 U.S.C. §§ 2252A(a)(2), (b)(1) (Count One), and destruction of evidence, 18 U.S.C. § 2232(a) (Count Three).  Goodfleisch contends he is entitled to a judgment of acquittal on Count Three because the officers were not authorized to search and seize his laptop at the time he destroyed certain incriminating evidence.  Goodfleisch also asserts the district court erred by denying his motion for a new trial based on newly discovered alibi evidence.  After review, we affirm.[1]

## I.   ACQUITTAL ON COUNT THREE

18 U.S.C. § 2232(a) requires the Government to prove a defendant knowingly destroyed or disposed of property "before, during, or after any search for or seizure of property by any person authorized to make such search or seizure."   Goodfleisch was convicted under section 2232(a) for remotely deleting incriminating files from his computer.  On appeal, Goodfleisch contends he is entitled to a judgment of acquittal because at the time he remotely deleted the files, the officers, whose search was covered neither by a valid warrant nor by an exception to the warrant requirement, were not "person[s] authorized to make such a seizure" within the meaning of section 2232(a).

---

[1] "We will uphold a district court's denial of a motion for a judgment of acquittal if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007).  We review a court's denial of a motion for a new trial for abuse of discretion. *United States v. Champion*, 813 F.2d 1154, 1170 (11th Cir. 1987).

Two search warrants were issued in this case.  The second warrant issued about thirty minutes after Goodfleisch had remotely destroyed the incriminating files.  The question, therefore, is whether the first warrant authorized the officers to search the large block building where Goodfleisch was living and seize his laptop. The building is one of two structures on the lot. The other is a single-wide trailer. The trailer's address is 1707 Bainbridge Avenue.  The building's address is 1701 Bainbridge Avenue.  Goodfleisch was living in the building with the permission of its owners, the Joneses, who occupied the trailer.

The first warrant lists the address of the premises to be searched as "1701 Bainbridge Avenue, Pensacola, Florida 32507"—the building's address. But Attachment A to the first warrant, which further describes the location to be searched, incorrectly attributes that address to the trailer, describing "[t]he residence [as] a single-wide trailer located at 1701 Bainbridge Avenue, Pensacola, Florida 32507."  The incorrect attribution of the building's address to the trailer in the description does not, however, invalidate the district court's conclusion that the first warrant covered the building.

A search warrant must "particularly describ[e] the place to be searched, and the persons or things to be seized."  U.S. Const. amend. IV.  Although the Fourth Amendment requires particularity, there is a margin of flexibility. "[A] description of property will be acceptable if it is as specific as the circumstances and nature of

3

activity under investigation permit." *United States v. Wuagneux*, 683 F.2d 1343, 1349 (11th Cir. 1982).

Importantly, the warrant itself refers only to "[t]he premises located at: 1701 Bainbridge Avenue, Pensacola, Florida 32507." Although Attachment A incorrectly attributes that address to the trailer, the photo and description support the conclusion that the trailer and building are part of a single, covered property. The description notes both structures are on one lot. It also records the presence of "a wooden fence that connects the single-wide trailer to the large block building." Finally, the description identifies a shared "green mailbox located directly in front of the large block building." We agree, given these facts, with the district court's conclusion that the property covered by the first warrant included the building.

The first warrant, which authorized the officers to search computers found on the property, also covered Goodfleisch's laptop. The officers were searching for evidence of child pornography downloads. Considering the nature of the crime, a search for all computers on the property, including Goodfleisch's laptop, was reasonable. *See Wuagneux*, 683 F.2d at 1349. As the first warrant covered the building and Goodfleisch's laptop, the district court did not err by holding Goodfleisch was not entitled to a judgment of acquittal on Count Three.

## II.  MOTION FOR NEW TRIAL

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  Fed. R. Crim. P. 33(a). Motions for a new trial based on newly discovered evidence are, however, highly disfavored in the Eleventh Circuit.  *United States v. Campa*, 459 F.3d 1121, 1151 (11th Cir. 2006) (citation omitted).  To succeed, the defendant must show that: (1) the new evidence was discovered after trial, (2) failure to discover the evidence was not due to a lack of due diligence, (3) the evidence is not merely cumulative or impeaching, (4) the evidence is material to issues before the court, and (5) the evidence is such that a new trial would probably produce a different result.  *United States v. Barsoum*, 763 F.3d 1321, 1341 (11th Cir. 2014).

The denial of Goodfleisch's motion for a new trial was not an abuse of discretion.  Goodfleisch's failure to discover the alibi evidence cited in support of his motion resulted from a lack of due diligence.  Until trial, defense counsel mistakenly believed the times listed in the Government's discovery were all in Coordinated Universal Time (UTC). Using the accurate download times, defense counsel uncovered evidence purportedly showing Goodfleisch was not at his computer when illegal material was accessed.  However, the discovery in defense counsel's possession always accurately reflected that some of the times were not in UTC.  Defense counsel would, therefore, have discovered the alibi evidence before

5

trial had he exercised due diligence in examining the Government's discovery.

The judgment of the district court is

**AFFIRMED.**