[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-11398
Non-Argument Calendar
_____

D.C. Docket No. 1:17-cr-00229-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

JOSEPH W. ROHE, JR.,

Defendant–Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(November 16, 2018)

Before WILSON, BRANCH, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Joseph Rohe, Jr. appeals his conviction for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g).  The firearms were found during a search for drugs and drug paraphernalia executed pursuant to a warrant authorizing a search of Rohe's home and the surrounding curtilage.  On appeal, Rohe argues that (1) the district court erred in denying Rohe's motion to suppress because the search warrant was not supported by probable cause and (2) the district court erred in denying Rohe's motion for a judgment of acquittal because the government did not present sufficient evidence that Rohe had constructive possession of the firearms.  After review, we affirm.

## I.

Rohe first challenges the district court's denial of his motion to suppress evidence.  Rohe argues that the affidavit filed in support of the warrant did not establish probable cause because the affidavit contained stale information, and because the affidavit was too vague and indefinite.

Sergeant Benjamin Taylor's affidavit in support of a search warrant for Rohe's property relied on four pieces of information: (1) several unidentified sources who stated that Rohe used and sold marijuana and methamphetamine at his residence, (2) Rohe's prior history of drug arrests (during which time he was located at the same residence), (3) a trash pull from Rohe's garbage conducted within a month of the affidavit which found plastic baggies with the corners cut

2

off, which tested positive for marijuana, and (4) a trash pull from Rohe's garbage conducted within 72 hours of Taylor's affidavit which found plastic baggies with the corners cut off, which tested positive for methamphetamine.  Taylor's affidavit also stated that plastic baggies with the corners cut off implied narcotics distribution.  Based on this information, the district court determined that probable cause existed for the search and denied the motion to suppress.

We review a district court's denial of a motion to suppress under a mixed standard, reviewing the district court's findings of fact for clear error and its application of the law to those facts de novo.  *United States v. Bervaldi*, 226 F.3d 1256, 1262 (11th Cir. 2000).  "Further, when considering a ruling on a motion to suppress, all facts are construed in the light most favorable to the prevailing party below."  *Id*.

A district court's determination of probable cause is reviewed de novo.  *United States v. Lebowitz*, 676 F.3d 1000, 1010 (11th Cir. 2012).  "Probable cause to support a search warrant exists when the totality of the circumstances allow a conclusion that there is a fair probability of finding contraband or evidence at a particular location."  *United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999).  A search warrant affidavit "should establish a connection between the defendant and the residence to be searched and a link between the residence and

any criminal activity." *United States v. Martin*, 297 F.3d 1308, 1314 (11th Cir.

2002).

If an informant is described in an affidavit, the affidavit "must also

demonstrate the informant's veracity and basis of knowledge" unless "there is

sufficient independent corroboration of an informant's information . . . ." *Id.*

(quotation marks omitted). Finally, stale information is not fatal to a search

warrant affidavit so long as the affidavit "updates, substantiates, or corroborates

the stale material." *United States v. Jiminez*, 224 F.3d 1243, 1249 (11th Cir. 2000)

(quotation marks omitted) (holding that a search warrant was supported by

probable cause where the statements regarding the defendant's past drug arrests

were corroborated by recent information obtained from a wiretap).

Here, the totality of the circumstances supports a finding of probable cause.

The magistrate judge relied not only on the tips from separate sources alleging

drug use and distribution on Rohe's property and Rohe's history of drug arrests,

but also two separate trash pulls conducted on Rohe's property, one of which was

conducted within 72 hours of Taylor's affidavit. Additionally, while an

informant's veracity and basis of knowledge must usually be disclosed, such

information is not required where "there is sufficient independent corroboration of

an informant's information." *Martin*, 297 F.3d at 1314 (quotation marks omitted).

Here, the trash pulls finding residue of marijuana and methamphetamine serve as

4

such independent corroboration.  Further, to the extent that any information in the affidavit might have been stale, the second trash pull conducted within 72 hours of the affidavit substantiated and corroborated the pre-existing information.  *See Jiminez*, 224 F.3d at 1249.

Because the totality of the circumstances established a "fair probability" that a search of Rohe's property would reveal illegal drug distribution, the magistrate did not err in finding probable cause to support the search.  *See United States v. Brundidge*, 170 F.3d 1350, 1352 (11th Cir. 1999).  Accordingly, the district court did not err in denying Rohe's motion to suppress.

## II.

Next, Rohe argues the district court erred in denying his motion for a judgment of acquittal because the government did not present sufficient evidence that he had constructive possession of the firearms.  According to Rohe, the government failed to present evidence that showed "more than [the] mere presence" of firearms on his property.

At trial, officers testified that they discovered eight firearms between the locked shed and the RV on Rohe's property.  Taylor testified that when he asked Rohe whether he had a key to the shed, Rohe responded that he did, but that the key was in his wallet at his place of employment.  Taylor also testified that he asked Rohe who put the firearms in the locked shed, and that Rohe admitted that

Case: 18-11398    Date Filed: 11/16/2018    Page: 6 of 8

he had put them there.  The jury also heard two recorded jailhouse calls.  In the first call, between Rohe and his father, Rohe admitted that he knew the guns were present on his property and said he told the "kids" to get rid of the guns.  In the second call, between Rohe and his wife, Rohe implied that the guns were supposed to have been removed.

During the trial, Rohe's extended family members testified in support of Rohe, and explained that Rohe was not the owner of the guns.  One witness, Seth Dobson, testified that Rohe did not have a key to the RV or shed, and that he, not Rohe, had placed the guns in the shed.  While Dobson initially testified that Rohe had no knowledge of the guns, Dobson admitted on cross-examination that Rohe had knowledge of the guns and that Rohe was angry about their presence.

This Court reviews a challenge to the sufficiency of the evidence de novo, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007).  We will uphold a district court's denial of a motion for a judgment of acquittal "if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt." *Id.*

To prove a violation of 18 U.S.C § 922(g)(1), the government must prove that: (1) the defendant knowingly possessed a firearm; (2) the defendant had

6

previously been convicted of an offense punishable by a term of imprisonment exceeding one year; and (3) the firearm was in or affecting interstate commerce. *United States v. Palma*, 511 F.3d 1311, 1315 (11th Cir. 2008).  Possession can be actual or constructive.  *See United States v. Greer*, 440 F.3d 1267, 1271 (11th Cir. 2006).  "Constructive possession exists when the defendant exercises ownership, dominion, or control over the item or has the power and intent to exercise dominion or control." *Id.*

At trial, the jury heard testimony from the government's witnesses that Rohe had access to the shed and had placed the firearms inside the shed.  Such access was sufficient for the jury to find that Rohe had the "dominion or control" over the shed necessary for constructive possession.  *See United States v. Martinez*, 588 F.2d 495, 498−99 (5th Cir. 1979) (finding sufficient evidence for constructive possession where the defendant had keys which allowed him to access the contraband, even where the defendant was not the owner of the contraband).

Although Rohe offered testimony that suggested that he did not have access to the firearms, we are required to defer to the jury's reasonable credibility determinations.  *See United States v. Pearson*, 746 F.2d 787, 794 (11th Cir. 1984). When we view the evidence in the light most favorable to the United States and draw all reasonable credibility choices in favor of the jury's verdict, as we must, a reasonable trier of fact could have found that Rohe had constructive possession of

7

the firearms on his property, and thus fulfilled the elements necessary to sustain a conviction under 18 U.S.C § 922(g)(1).  *See United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007).  Accordingly, the district court did not err in denying Rohe's motion for judgment of acquittal.

   **AFFIRMED.**