[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13373
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cr-00463-MHH-JEO-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFF MORRIS BEAM, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 17, 2019)

Before WILLIAM PRYOR, GRANT and FAY, Circuit Judges.

PER CURIAM:

Jeff Beam appeals his conviction for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine. 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A). Beam argues that the evidence was insufficient to establish he "knew of . . . or knowingly and voluntarily joined any conspiracy" to distribute methamphetamine. We affirm.

We review *de novo* the sufficiency of the evidence and view the evidence in the light most favorable to the government by making reasonable inferences and credibility choices consistent with the jury's verdict. *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009). "We will uphold a district court's denial of a motion for a judgment of acquittal if a reasonable trier of fact could conclude the evidence established the defendant's guilt beyond a reasonable doubt." *United States v. Green*, 818 F.3d 1258, 1274 (11th Cir. 2016) (quoting *United States v. Taylor*, 480 F.3d 1025, 1026 (11th Cir. 2007)).

To prove Beam conspired to distribute drugs, the government had to establish "that two or more persons agreed to commit a drug-related offense, that [Beam] knew of the conspiracy, and that he agreed to become a member." *United States v. Louis*, 861 F.3d 1330, 1333 (11th Cir. 2017). The government could establish "the existence of an agreement . . . [using] inferences from the conduct of the alleged participants or from circumstantial evidence of [the] scheme." *United*

2

*States v. Gonzalez*, 834 F.3d 1206, 1214 (11th Cir. 2016) (quoting *United States v.*

*Mateos*, 623 F.3d 1350, 1362 (11th Cir. 2010)).

Uncorroborated testimony from an accomplice can be sufficient to support a

conviction. *United States v. Diaz*, 248 F.3d 1065, 1093–94 (11th Cir. 2001). The

determination of whether an accomplice's testimony is credible rests within the

exclusive province of the jury and we accept that determination "unless the

testimony is incredible as a matter of law." *Green*, 818 F.3d at 1274 (quoting

*United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009)). "Testimony is not

considered incredible as a matter of law unless it is unbelievable on its face, that is,

testimony as to facts that the witness could not have possibly observed or events

that could not have occurred under the laws of nature." *Id.* (internal quotation

marks and citation omitted).

Ample evidence proved that Beam led a conspiracy to distribute

methamphetamine. Testimony from Beam's codefendant, Richard Edmonson, and

a confidential informant, Justin Lowe, and surveillance video recordings of

transactions between Beam and Lowe established that Beam had access to large

quantities of methamphetamine, recruited sellers, and profited from purchasing the

drug for his sellers on consignment. Edmonson developed a relationship with

Beam while accompanying Beam's sister regularly to meet Beam to collect

methamphetamine that he received in FedEx packages shipped from California.

3

Later, Beam recruited Edmonson to help Beam's sister track and collect the FedEx packages and to remove packages of drugs from the inside of stuffed animals that were used to conceal the drugs for shipping. When buying from California became impossible, Beam agreed to provide Edmonson money to purchase drugs from a supplier in Georgia every other day in exchange for which Edmonson, after selling the drugs, gave Beam whatever percentage of the proceeds that he demanded. Beam also sold methamphetamine to Lowe for personal use, supplied the drug to Lowe to resell, and invited Lowe to follow other sellers returning from Georgia to retrieve drugs that they might have to abandon. A jury readily could infer Beam was knowingly involved in the conspiracy based on the "concert of action" between Beam and his cohorts. *See United States v. Westry*, 524 F.3d 1198, 1212–13 (11th Cir. 2008). Beam argues there was "no credible evidence" to prove his participation, but he fails to identify any testimony from his cohorts that was incredible as a matter of law so we must accept the jury's finding that the testimony was credible. *See Green*, 818 F.3d at 1274.

We **AFFIRM** Beam's conviction.

4