[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-11846
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00204-JRH-BKE-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REGINA M. PREETORIUS,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 16, 2015)

Before HULL, MARTIN and ROSENBAUM, Circuit Judges.

PER CURIAM:

Regina Preetorius was sentenced to 280 months in prison after being

convicted of mail fraud, wire fraud, and money laundering.  At trial, the government introduced evidence showing that Preetorius was the chief executive officer of a real estate investment firm called SDA & Associates.  She guaranteed investors a return of at least 12% per year and told them that their money would be invested in, and secured by, specific pieces of property.  However, Preetorius instead used their money to pay personal expenses and other investors.  She also switched the properties securing investments without giving investors advance notice.  Eventually, SDA & Associates failed, leading to Preetorius's bankruptcy and causing substantial losses to its clients.

On appeal, Preetorius argues that the government failed to prove beyond a reasonable doubt that she intentionally defrauded her clients; that the district court erred by imposing a four-level role enhancement under United States Sentencing Guidelines § 3B1.1(a); and that her within-Guidelines sentence is substantively unreasonable.  After careful review, we find no reversible error and affirm.

I

We first consider Preetorius's argument that there was insufficient evidence to support her convictions.  Specifically, she argues that the government failed to prove that she intended to defraud her clients, pointing to her own testimony and that of SDA & Associates's lawyer.  They both explained that their firm took all possible precautions to comply with applicable law and protect its clients.

2

"We review the sufficiency of evidence to support a conviction de novo, viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." United States v. Taylor, 480 F.3d 1025, 1026 (11th Cir. 2007). We will reverse only if a reasonable trier of fact could not have found guilt beyond a reasonable doubt. United States v. Beckles, 565 F.3d 832, 840–41 (11th Cir. 2009).

This is a high bar, and one that Preetorius cannot meet here. In arguing that any reasonable jury would have credited her testimony and that of her firm's lawyer, she ignores contrary evidence presented by the government. Specifically, it introduced evidence that although Preetorius personally guaranteed the safety of her investors' money, she used their investments for personal expenses and directed SDA & Associates's bookkeeper to pay investors with other investors' money. Further, even after she had run out of money to sustain SDA & Associates's operations, she reassured investors that their money was safe and "well secured." Based on this evidence, a rational jury was entitled to disbelieve her testimony and conclude that she intended to defraud her clients. We affirm her convictions.

II

We turn next to Preetorius's argument that the district court erred by applying a four-level role enhancement under USSG § 3B1.1(a). We review a

3

district court's determination of a defendant's role in an offense for clear error. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc).  A district court's finding is not clearly erroneous if it is supported by the record.  See id. at 945.

The Sentencing Guidelines require a four-level enhancement if a defendant "was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive."  USSG § 3B1.1(a).  "The factors that a sentencing court considers in determining if this enhancement applies are: (1) exercise of decision-making authority, (2) nature of participation in the commission of the offense, (3) recruitment of accomplices, (4) claimed right to a larger share of the fruits of the crime, (5) degree of participation in planning or organizing the offense, (6) nature and scope of the illegal activity, and (7) degree of control and authority exercised over others."  United States v. Rendon, 354 F.3d 1320, 1331–32 (11th Cir. 2003) (quotation omitted).

Here, the district court's application of the four-level role enhancement is supported by the record.  As the court explained at sentencing, Preetorius was the leader of a criminal scheme that involved six other participants.  Acting as CEO and 100% owner of SDA & Associates, she controlled all aspects of its operations. For instance, she exercised decision-making authority by directing the company's bookkeeper to pay investors with other investors' money.  Similarly, Preetorius

4

recruited other participants to the scheme, including a lawyer who reviewed SDA & Associates's marketing materials.  Finally, the fraudulent scheme lasted for years and captured investments from at least twenty-five investors.  These facts show that Preetorius led and organized an extensive criminal scheme.  The district court did not clearly err.

### III

Finally, Preetorius argues that her 280-month, within-Guidelines sentence is substantively unreasonable.[1]  We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard.  United States v. Livesay, 525 F.3d 1081, 1091 (11th Cir. 2008).  We may not vacate a sentence simply "because we would have decided that another one is more appropriate." United States v. Irey, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc).  Instead, we must be "left with the definite and firm conviction that the district court committed a clear error of judgment . . . by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (quotation omitted).  The party challenging the sentence has the burden of demonstrating that the sentence is unreasonable in light of the record and the factors outlined in 18 U.S.C. § 3553(a).  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

---

[1] Preetorius's Guidelines range was 235–293 months of imprisonment.

5

Preetorius has not met this burden.  At sentencing, the district court explained that it had considered the § 3553(a) factors and found that a 280-month sentence was warranted because of the sophistication of Preetorius's scheme, the losses she had caused, and her refusal to accept responsibility for her wrongdoing. And although Preetorius argues that the district court failed to give enough weight to her lack of prior criminal history, we have previously recognized that "the weight given to any § 3553(a) factor is within the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors." Irey, 612 F.3d at 1261 (alteration adopted) (quotation omitted).  Preetorius has not shown that her sentence is substantively unreasonable.

**AFFIRMED.**